```
 1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JAMES S. BROWN  (Bar No. 135810)
 2  MARC A. KOONIN  (Bar No. 166210)
    One Market Plaza
 3  Steuart Tower, 8th Floor
    San Francisco, California 94105
 4  Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
 5  james.brown@sdma.com
    marc.koonin@sdma.com
 6

 7  Attorneys for Defendants
    PACIFIC COAST ELEVATOR CORPORATION,
 8  erroneously sued as AMTECH/SAN FRANCISCO
    ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC
 9  & ELECTRONICS USA, INC., erroneously sued as
    MITSUBISHI ELEVATOR COMPANY,
10  OTIS ELEVATOR COMPANY, and
    SCHINDLER ELEVATOR CORPORATION
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMTECH/SAN FRANCISCO ELEVATOR CO.; KONE, INC.; MITSUBISHI ELEVATOR COMPANY; OTIS ELEVATOR COMPANY; SCHINDLER ELEVATOR CORPORATION; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. C08-01922 WHA<br><br>**DEFENDANTS' CERTIFICATION OF INTERESTED ENTITIES OR PERSONS [CIVIL L.R. 3-16]** |

Pursuant to Civil L.R. 3-16, this disclosure statement is filed on behalf of Defendants Pacific Coast Elevator Corporation, erroneously sued herein as Amtech/San Francisco Elevator Co. ("Pacific Coast"), KONE, Inc. ("KONE"), Mitsubishi Electric & Electronics USA, Inc., erroneously sued herein as Mitsubishi Elevator Company ("Mitsubishi"), Otis Elevator Company

("Otis"), and Schindler Elevator Corporation ("Schindler") (collectively, "Defendants").

**CORPORATE DISCLOSURE STATEMENT OF DEFENDANT PACIFIC COAST**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

(1) North American Elevator Services, Inc. ("NAES"), Pacific Coast's parent corporation.

(2) The National Elevator Bargaining Association, which is a multi-employer collective bargaining association which represents NAES and affiliated companies including Pacific Coast doing business as Amtech/San Francisco Elevator Co., along with others, in collective bargaining with the International Union of Elevator Constructors.

(3) The International Union of Elevator Constructors, which is the Union which represents employee bargaining units, including International Union of Elevator Constructors Local 8, in collective bargaining with the National Elevator Bargaining Association.

(4) International Union of Elevator Constructors Local 8, which is the Union which represents the Plaintiffs in this Action.

**CORPORATE DISCLOSURE STATEMENT OF DEFENDANT KONE**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

(1) KONE Elevator Holdings, OY, KONE's parent corporation.

(2) The National Elevator Bargaining Association, which is a multi-employer collective bargaining association which represents KONE, along with others, in collective bargaining with the International Union of Elevator Constructors.

    (3)    The International Union of Elevator Constructors, which is the Union which represents employee bargaining units, including International Union of Elevator Constructors Local 8, in collective bargaining with the National Elevator Bargaining Association.

    (4)    International Union of Elevator Constructors Local 8, which is the Union which represents the Plaintiffs in this Action.

### **CORPORATE DISCLOSURE STATEMENT OF DEFENDANT MITSUBISHI**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    (1)    Mitsubishi Electric US Holdings, Inc., Mitsubishi's parent corporation.

    (2)    Mitsubishi Electric Corporation, Mitsubishi's grandparent corporation.

    (3)    The National Elevator Bargaining Association, which is a multi-employer collective bargaining association which represents Mitsubishi, along with others, in collective bargaining with the International Union of Elevator Constructors.

    (4)    The International Union of Elevator Constructors, which is the Union which represents employee bargaining units, including International Union of Elevator Constructors Local 8, in collective bargaining with the National Elevator Bargaining Association.

    (5)    International Union of Elevator Constructors Local 8, which is the Union which represents the Plaintiffs in this Action.

### **CORPORATE DISCLOSURE STATEMENT OF DEFENDANT OTIS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    (1)    United Technologies Corporation, Otis's parent corporation.

(2) The National Elevator Bargaining Association, which is a multi-employer collective bargaining association which represents Otis, along with others, in collective bargaining with the International Union of Elevator Constructors.

(3) The International Union of Elevator Constructors, which is the Union which represents employee bargaining units, including International Union of Elevator Constructors Local 8, in collective bargaining with the National Elevator Bargaining Association.

(4) International Union of Elevator Constructors Local 8, which is the Union which represents the Plaintiffs in this Action.

## CORPORATE DISCLOSURE STATEMENT OF DEFENDANT SCHINDLER

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

(1) Schindler Enterprises, Inc., Schindler's parent corporation.

(2) The National Elevator Bargaining Association, which is a multi-employer collective bargaining association which represents Schindler, along with others, in collective bargaining with the International Union of Elevator Constructors.

(3) The International Union of Elevator Constructors, which is the Union which represents employee bargaining units, including International Union of Elevator Constructors Local 8, in collective bargaining with the National Elevator Bargaining Association.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

(4) International Union of Elevator Constructors Local 8, which is the Union which represents the Plaintiffs in this Action.

DATED: April 11, 2008

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
James S. Brown
Marc A. Koonin
Attorneys for Defendants
PACIFIC COAST ELEVATOR CORPORATION, erroneously sued as AMTECH/SAN FRANCISCO ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., erroneously sued as MITSUBISHI ELEVATOR COMPANY, OTIS ELEVATOR COMPANY, and SCHINDLER ELEVATOR CORPORATION

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On April 14, 2008, I served the within document(s):

**DEFENDANTS' CERTIFICATION OF INTERESTED ENTITIES OR PERSONS [CIVIL L.R. 3-16]**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Lynn Rossman Faris                              Attorneys For Plaintiffs
Jennifer Keating
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 14, 2008, at San Francisco, California.

_____
Mark Mitobe

SF/1501158v1