1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JAMES S. BROWN (Bar No. 135810)
2  MARC A. KOONIN (Bar No. 166210)
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5  james.brown@sdma.com
   marc.koonin@sdma.com
6
   DOWNS RACHLIN MARTIN PLLC
7  JOHAN W. E. MAITLAND (*pro hac vice* pending)
   JONATHAN ROSE (*pro hac vice* pending)
8  199 Main Street, P.O. Box 190
   Burlington, Vermont 05402
9  Telephone: (802)863-2375
   Facsimile: (802)658-0905
10 jmaitland@drm.com
   jrose@drm.com
11
   Attorneys for Defendants
12 PACIFIC COAST ELEVATOR CORPORATION,
   erroneously sued as AMTECH/SAN FRANCISCO
13 ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC
   & ELECTRONICS USA, INC., erroneously sued as
14 MITSUBISHI ELEVATOR COMPANY,
   OTIS ELEVATOR COMPANY, and
15 SCHINDLER ELEVATOR CORPORATION

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE<br>20  DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID<br>21  NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated,<br>22<br>    Plaintiffs,<br>23<br>    v.<br>24<br>    AMTECH/SAN FRANCISCO ELEVATOR<br>25  CO.; KONE, INC.; MITSUBISHI ELEVATOR COMPANY; OTIS<br>26  ELEVATOR COMPANY; SCHINDLER ELEVATOR CORPORATION; and DOES 1<br>27  through 10 inclusive,<br>28      Defendants. | CASE NO. C08-01922 WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE**<br><br>JUDGE: The Honorable William H. Alsup<br>DATE: June 5, 2008<br>TIME: 8:00 a.m.<br>DEPT: Courtroom 9, 19th Floor |

SF/1502684v1

CASE NO. C08-01922 WHA

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMTECH/SAN FRANCISCO ELEVATOR CO.; KONE, INC.; MITSUBISHI ELEVATOR COMPANY; OTIS ELEVATOR COMPANY; SCHINDLER ELEVATOR CORPORATION; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. C08-01922 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE**<br><br>JUDGE: The Honorable William H. Alsup<br>DATE: June 5, 2008<br>TIME: 8:00 a.m.<br>DEPT: Courtroom 9, 19th Floor |

The duly noticed Motion to Dismiss Plaintiffs' Complaint with Prejudice, or, in the Alternative, to Stay Proceedings Pending Arbitration ("Motion to Dismiss") of Defendants Pacific Coast Elevator Corporation, erroneously sued herein as Amtech/San Francisco Elevator Co., KONE, Inc., Mitsubishi Electric & Electronics USA, Inc., erroneously sued herein as Mitsubishi Elevator Company, Otis Elevator Company, and Schindler Elevator Corporation ("Defendants") came on regularly for hearing before this court on June 5, 2008, at 8:00 a.m. Defendants also filed a supporting Request for Judicial Notice in Support of Defendants' Motion

-1-    CASE NO. C08-01922 WHA

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE

SF/1502684v1

to Dismiss Plaintiffs' Complaint with Prejudice, or, in the Alternative, to Stay Proceedings Pending Arbitration ("Request for Judicial Notice").

After full consideration of the pleadings in support and opposition of the Motion to Dismiss and the Request for Judicial Notice, having considered the Complaint, the collective bargaining agreement governing the employment relationship between the Plaintiffs (and purported Plaintiffs) and the Defendants, Grievances submitted by Plaintiffs' union, Local 8, on their behalf, an Unfair Labor Charge submitted to the National Labor Relations Board ("the Board") by Local 8 on behalf of some of the Plaintiffs, and a letter from the Board deferring ruling on the Unfair Labor Practice charges pending arbitration, Defendants' Request for Judicial Notice are GRANTED and Defendants' Motion to Dismiss is GRANTED and the Complaint and each claim therein is hereby DISMISSED IN ITS ENTIRETY with regard to each of the Defendants WITHOUT LEAVE TO AMEND.

It is apparent from a review of the record as a whole, including the documents of which this Court has taken judicial notice, that the basis of this dispute is a practice by the employers of using vacation pay provided for under a collective bargaining agreement to pay for sick leave required of San Francisco employers under a local ordinance, the San Francisco Sick Leave Ordinance ("Ordinance") (San Francisco, Cal. Admin. Code, Chapter 12W). The Plaintiffs (and their Union) contend that Article XII, Paragraph 1. of the collective bargaining agreement requires that vacation pay be paid only on July 15 and January 15. Defendants content that the language of that Article allows them to pay vacation pay prior to those deadlines. The Complaint admits that Plaintiffs' Union has already demanded relief based on this situation (Complaint, ¶ 22), and the records of which this Court has taken judicial notice indicate that Plaintiffs' Union has filed multiple grievances on this matter pursuant to the arbitration provisions of Plaintiffs' collective bargaining agreement, and has also filed several Unfair Labor Practice charges before the Board on the same subject, which was deferred pending resolution of the grievances through arbitration.

The Court concludes that:

(1) The Court has the authority to and does take judicial notice of the Documents for

-2-     CASE NO. C08-01922 WHA

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE

SF/1502684v1

which Defendants have asked it to do so, including: (A) the NEBA Agreement with International Union of Elevator Constructors, July 9, 2007, to July 8, 2012 ("the NEBA Agreement"), attached as Exhibit A to the Request for Judicial Notice; (B) eight grievances filed by International Union of Elevator Constructors Local 8, attached as Exhibit B to the Request for Judicial Notice; (C) administrative records of the Board relating to Unfair Labor Practice Charges Against (Otis) and NAES, attached as Exhibit C to the Request for Judicial Notice; (D) administrative records of the Board in the form of a letter, dated October 24, 2007, from Joseph P. Norelli, the Regional Director for Region 20 of the Board, attached as Exhibit D to the Request for Judicial Notice; and (E) the Complaint in this action, attached as Exhibit E to the Request for Judicial Notice.

The Court may take judicial notice of facts that are capable of ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The Court must take judicial notice of a fact if a party properly requests that the court take judicial notice and supplies the court with the necessary information. *Ibid.* It is well settled that courts may take judicial notice of official records and reports without converting a Rule 12(b)(6) motion into Rule 56 motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

The Court may take judicial notice of a document, such as the Agreement, which is repeatedly referenced in and quoted in part, but not attached to, the Complaint. See, e.g. Complaint, ¶¶ 18-19; *In re Stac Electronics Securities Litig.*, 89 F.3d 1399, 1405, fn. 4 (9th Cir. 1996). The Court may also take judicial notice of documents from the files of courts (including its own records) and administrative agencies, such as the Board. *Disabled Rights Action v. Las Vegas Events*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (agency documents); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (court documents); *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980) (court documents); *Zolg v. Kelly III*, 841 F.2d 908, 911 n. 1 (9th Cir. 1988) (court documents). Finally, this Court may take judicial notice of any document, such as the grievances, "'the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies,' regardless of whether the document is referred to in the complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as*

*recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

(2) The First and Third Causes of Action, including Plaintiffs' request for penalties pursuant to the California Private Attorney General Act of 2004 ("PAGA") (Cal. Lab. Code §§ 2698 through 2699.5) and California Labor Code section 225.5, do not state a claim for which relief can be granted because: (a) they are preempted by Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185) ("Section 301") since resolution of these causes of action necessarily requires the interpretation of the NEBA Agreement, a collective bargaining agreement; (b) any pre-deadline payments of vacation pay would not and do not violate California law.

Plaintiffs' First Cause of Action, alleging nonpayment of wages agreed upon in a collective-bargaining agreement, in violation of California Labor Code section 222, is preempted by Section 301 of the LMRA since its application necessarily requires the interpretation of a collective bargaining agreement. *See Cornn v. United Parcel Serv., Inc.*, No. C03-2001 TEH, 2004 WL 2271585 (N.D. Cal. Oct. 5, 2004); *Mendes v. W.M. Lyles Co.*, No. CIV F 07-1265, 2008 WL 171003, at *7-9 (E.D. Cal. Jan. 18, 2008) (same). Specifically, this dispute cannot be resolved without an interpretation of Article XII, paragraph 1 of the NEBA Agreement to determine whether it allows payment of vacation pay prior to the ultimate deadlines set for paying vacation pay. Because Plaintiffs' request for penalties pursuant to the California Private Attorney General Act of 2004 ("PAGA") (Cal. Lab. Code §§ 2698 through 2699.5) and California Labor Code section 225.5 are both predicated on a violation of California Labor Code section 222, they are also preempted by Section 301.[1] Similarly, because Plaintiff's Third Cause of Action for declaratory relief pursuant to California Code of Civil Procedure section 1068 explicitly requests that this court interpret which of two competing interpretations of the NEBA

---

[1] This determination is not dependent upon whether or not the NEBA Agreement can generally waive rights under the California Labor Code. As stated by the Supreme Court: "[i]t is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on the interpretation of a collective-bargaining agreement for its application. Such a remedy would be pre-empted by § 301." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 n. 7 (1988). This Court specifically finds that application of California Labor Code section 222 — regardless of whether it is subject to waiver — nonetheless turns on the interpretation of a collective bargaining agreement. It is therefore preempted.

SF/1502684v1

-4-   CASE NO. C08-01922 WHA

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE

1  Agreement are correct, it is also preempted by application of Section 301. *Caterpillar, Inc. v.*
2  *Williams*, 482 U.S. 386, 394 (1987); *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th
3  Cir. 2001) (en banc). Plaintiffs cannot cure this defect, since it is clear that any resolution of a
4  dispute regarding the timing of vacation payment under the NEBA Agreement will require an
5  interpretation as to the meaning of Article XII, paragraph 1 of that collective bargaining
6  agreement. Additionally, amendment on this issue would be futile since the Plaintiffs have not
7  yet exhausted their contractual remedies and cannot allege exceptions to this requirement in
8  contradiction to the documents of which this Court has taken judicial notice. *Sidhu v. Flecto,*
9  *Inc.*, 279 F.3d 896, 898 (9th Cir. 2002); *Herman v. United Broth. of Carpenters & Joiners*, 60
10 F.3d 1375, 1380 (9th Cir. 1995).

11    (3)    As a separate and alternative basis for dismissing the First and Third Causes of
12 Action in their entirety and with prejudice, this Court holds that the alleged payment by
13 Defendants of Vacation Pay to Plaintiffs prior to the ultimate deadline does not violate California
14 law. Such a pre-deadline payment, coupled with a reconciliation of an ultimate payment for the
15 remainder of Vacation Pay wages due, does not constitute an unlawful withholding or deduction
16 of wages under California law. See *Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th
17 217, 228 (2007). California courts consistently hold that employees are not entitled to be paid
18 twice for the same work by alleging that paying them the difference between an early payment
19 and an ultimate payment is an improper "deduction." See *Koehl v. Verio, Inc.*, 142 Cal.App.4th
20 1313, 1332-1334 (2006); *Steinhebel v. Los Angeles Times Communications*, 126 Cal.App.4th
21 696, 707-710 (2005). See also *Schachter v. Citigroup, Inc.*, 159 Cal.App.4th 10 (2008)
22 (employee did not have wages unlawfully withheld where he previously received benefit in
23 exchange for pay).

24    (4)    The Second Cause of Action also fails to state a claim under the Fair
25 Labor Standards Act ("FLSA"), since: (1) the FLSA does not provide an independent right of an
26 employee to be paid in accordance with a collective-bargaining agreement (*Fernandez v.*
27 *Centerplate/NBSE, Inc.*, No. Civ. 04-0809, 2005 WL 3273370, at *4-6 (D.D.C. Aug. 1, 2005)
28 (collecting cases), *aff'd in relevant part*, 441 F.3d 1006 (D.C. Cir. 2006).); (2) vacation pay is

-5-                        CASE NO. C08-01922 WHA
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO
GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE

SF/1502684v1

1  excluded from the regular rate of pay for purposes of calculating overtime pay (29 U.S.C.
2  § 207(e)(2); 29 C.F.R. §§ 778.218 – 778.219 (2007)) and; (3) it is not unlawful under the FLSA
3  to advance vacation and then offset the difference fro future payments. *Brennan v. Veterans*
4  *Cleaning Service, Inc.* (5th Cir. 1973) 482 F.2d 1362, 1368-1369, 1370; DOL Wage & Hour
5  Opinion Letter, FLSA2004-17NA, 2004 WL 3177901 (Oct. 6, 2004).
6       Based on these conclusions, IT IS ORDERED THAT:
7       1.   The Defendants' Request for Judicial Notice is GRANTED and the Defendants'
8  Motion to Dismiss is GRANTED and the Complaint and each claim therein is hereby
9  DISMISSED IN ITS ENTIRETY with regard to each of the Defendants WITHOUT LEAVE TO
10 AMEND.
11      2.   Defendants' alternative request to stay this action pending arbitration is DENIED
12 as MOOT.
13      3.   The Case will be dismissed and Defendants are ordered to prepare a written form
14 of judgment of dismissal.
15      4.   Defendants will be awarded costs of suit.

17 DATED: _____

                                      _____
18                                    THE HONORABLE WILLIAM H. ALSUP
                                      UNITED STATES DISTRICT JUDGE

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1502684v1

-6-   CASE NO. C08-01922 WHA
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND ALSO
GRANTING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE