1   LYNN ROSSMAN FARIS (Bar No. 096029)
    lfaris@leonardcarder.com
2   JENNIFER KEATING (Bar No. 250857)
    jkeating@leonardcarder.com
3   LEONARD CARDER, LLP
    1330 Broadway, Suite 1450
4   Oakland, CA 94612
    Telephone: (510) 272-0169
5   Facsimile: (510) 272-0174

6   Attorneys for Plaintiffs

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  JEFF BERNARDI, THOMAS BICKHAM,          CASE NO.  C08-01922 WHA
    RANDY DAVENPORT, BRUCE
12  DOUGLAS, MICHAEL BOUZIDIN, DAN          **PLAINTIFFS' OPPOSITION TO
    KAESLER, RICHARD KIM, DAVID             DEFENDANTS' MOTION TO DISMISS
13  NAVA, MANUEL BUSTOS, on behalf of       OR IN THE ALTERNATIVE, TO STAY
    themselves and all persons similarly situated,   PROCEEDINGS**
14
              Plaintiffs,                   JUDGE:   The Honorable William H. Alsup
15                                          DATE:    June 5, 2008
         v.                                 TIME:    8:00 a.m.
16                                          DEPT:    Courtroom 9, 19th Floor
    AMTECH/SAN FRANCISCO ELEVATOR
17  CO.; KONE, INC.; MITSUBISHI
    ELEVATOR COMPANY; OTIS
18  ELEVATOR COMPANY; SCHINDLER
    ELEVATOR CORPORATION; and DOES 1
19  through 10 inclusive,

20
              Defendants.
21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

# TABLE OF CONTENTS

Page No.

I.    INTRODUCTION .................................................................................. 1

II.   SUMMARY OF RELEVANT FACTS .................................................. 2

III.  ARGUMENT ........................................................................................ 3

    A.  In Deciding Defendants' Motion, This Court May Only Consider Plaintiffs'
        Complaint and the Collective Bargaining Agreement Between the IUEC
        and the NEBA. ................................................................................ 3

        1.  The Court May Not Consider Material Outside the Pleadings .................... 3

        2.  The Documents for Which Defendants Seek Judicial Notice are
            Outside the Pleadings Because Plaintiffs' Complaint Neither Specifically
            Refers to the Documents Nor Necessarily Relies Upon Them. ................... 4

        3.  The Court Must Disregard Defendants' Attempts to Raise Affirmative
            Defenses Through This Motion to Dismiss. ................................................ 6

    B.  Defendants' Motion Must Be Dismissed Because Plaintiffs' Claims are
        Based on a Cognizable Legal Theory, Supported by Sufficient Facts. ..................... 7

    C.  Plaintiffs' First and Third Causes of Action are Not Preempted by Section
        301 of the LMRA. ................................................................................ 8

        1.  Labor Code Section 222 is a Minimum Labor Standard .............................. 8

        2.  LMRA Section 301 Preemption of State-Law Minimum Standards
            Only Applies Where the Court is Required to *Interpret* a CBA in
            order to Resolve the State-Law Claim, and Not Where the Court is
            Only Required to *Look to* the CBA. .......................................................... 10

        3.  Plaintiffs' Claim Under Labor Code Section 222 Only Requires the
            Court to *Look to* the CBA .......................................................................... 12

    D.  Even if Some Interpretation of the CBA Were Necessary, that Would not
        Permit Dismissal of Plaintiffs' Section 222 Claim. ................................................ 13

        1.  If CBA Interpretation Were Required to Determine *Damages*, Such
            Interpretation Does Not Allow Preemption of the *Substance* of
            Plaintiffs' Independent Section 222 State Law Claim ................................. 13

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

2. If CBA Interpretation Were Required to Resolve the *Substance* of Plaintiffs' Section 222 Claim, That Would Only Require *Converting* Claim to a LMRA Section 301 Claim, Not Dismissal. .............................. 14

E.    Plaintiffs Have Stated a Proper Cause of Action Under the California Labor Code ...................................................................................................................... 16

F.    Plaintiffs' Second Cause of Action States a Valid Claim under the FLSA. ............. 18

IV.   CONCLUSION ......................................................................................................... 21

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

# TABLE OF AUTHORITIES

Page No.

**FEDERAL CASES**

*Allister-Chalmers Corp. v. Lueck*
  471 U.S. 211 (1985) ........................................................................................................... 14

*AMFAC Mortg. Corp. v. Arizona Mall of Tempe, Inc.*
  583 F.2d 426 (9th Cir. 1978) ............................................................................................... 4

*Arpin v. Santa Clara Valley Transp. Agency*
  261 F.3d 912 (9th Cir. 2001) ............................................................................................... 4

*Balcorta v. Twentieth Century-Fox Film Corp.*
  208 F.3d 1102 (9th Cir. 2000) ............................................................................................. 11

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ............................................................................................... 7

*Ballaris v. Wacker Siltronic Corp.*
  370 F.3d 901 (9th Cir. 2004) ............................................................................................... 20

*Barvinchak v. Indiana Regional Medical Center*
  2007 WL 2903911 (W.D. Pa. Sept 28, 2007) .................................................................... 19

*Branch v. Tunnell*
  14 F.3d 449 (9th Cir. 1994) ............................................................................................... 3, 4

*Brooklyn Savings Bank v. O'Neill*
  324 U.S. 697 (1944) ........................................................................................................... 5

*Burnside v. Kiewitt Pacific Corp.*
  491 F.3d 1053 (9th Cir.2007) ................................................................. 10, 11, 13, 14

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) ............................................................................................... 8

*Caterpillar, Inc. v. Williams*
  482 U. S. 386 (1987) ......................................................................................................... 14

*Corn v. United Parcel Service Inc.*
  2004 WL 2271585 (N.D. Cal., Oct. 5, 2004) .................................................................... 12

*Cramer v. Consolidated Freightways Inc.*
  255 F.3d 683 (9th Cir. 2001) ............................................................................................. 16

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

*DeCanas v. Bica*
  424 U.S. 351 (1976) ...................................................................................... 10

*DelCostello v. International Broth. Of Teamsters*
  462 U.S. 151 (1983) ...................................................................................... 15

*Donovan v. Crisostomo*
  689 F.2d 869 (9th Cir. 1982) ......................................................................... 20

*Firestone v. Southern California Gas Co.*
  219 F.3d 1063 (9th Cir. 2000) ....................................................................... 12

*Fort Halifax Packing Co., Inc. v. Coyne*
  482 U.S. 1 (1987) .......................................................................................... 10

*Fuentes v. Ralph's Grocery Co.*
  1993 WL 761992 (C.D. Cal. July 28, 1993) ................................................. 13

*Galbraith v. County of Santa Clara*
  307 F.3d 1119 (9th Cir. 2002) ......................................................................... 4

*Gilligan v. Jamco Develop. Corp.*
  108 F.3d 246 (9th Cir. 1997) ........................................................................... 7

*Grant v. McDonnell Douglas Corp.*
  163 F.3d 136 (9th Cir. 1998) ......................................................................... 15

*Hal Roach Studios, Inc. V. Richard Feiner and Co., Inc.*
  896 F.2d 1542 n.19 (9th Cir. 1990) ................................................................. 3

*Hayes v. Bill Haley and His Comets*
  274 F.Supp. 34 (D.C. Pa. 1967) ..................................................................... 19

*International Woodworkers of America, Local 6-64, CIO v. McCloud River Lumber Co.*
  119 F. Supp. 475 (N.D. Cal. 1953) .................................................................. 9

*KOFOED v. Rosendin Electric, Inc.*
  157 F.Supp.2d 1152 (D.Ore. 2001) ............................................................... 14

*Levoto v. Lapina*
  258 F.3d 156 (3d Cir. 2001) ............................................................................ 7

*Lingle v. Norge Div. of Magic Chef, Inc.*
  *486 U. S. 399 (1988)* ..................................................................... 11, 12, 13, 14

*Livadas v. Bradshaw*
  512 U.S. 107 (1994) ........................................................................................ 8

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Mendes v. W.M. Lyles Co*
   2008 WL 171003 (E.D.Cal, Jan. 18, 2008)................................................................12

*Metropolitan Life Ins. Co. V. Mass.*
   471 U.S. 724 (1985) ........................................................................................................10

*Mitchell v. Mirant California, LLC*
   2008 WL 501392 (N.D. Cal. Feb. 21, 2008 ............................................................13, 18

*Parrino v. FHP, Inc.*
   146 F.3d 699 (9th Cir. 1998) ...........................................................................................4

*Reich v. Midwest Body Corp.*
   843 F. Supp. 1249 (N. D. Ill., 1994) ..............................................................................20

*Saunders v. Knight*
   2006 WL 224426, *2 (E.D.Cal., Jan. 25, 2006)...............................................................7

*Steelworkers v. American Mfg. Co.*
   363 U.S. 564 (1960) ........................................................................................................15

*Steelworkers v. Enterprise Wheel & Car Corp.*
   363 U.S. 593 (1960) ........................................................................................................15

*Steelworkers v. Warrior & Gulf Navigation Co.*
   363 U.S. 574 (1960) ........................................................................................................15

*Townsend v. Columbia Operations*
   667 F.2d 844 (9th Cir. 1982).............................................................................................4

*U.S. v. City of Redwood City*
   640 F.2d 963 (9th Cir. 1981) ............................................................................................8

*Valles v. Ivy Hill Corp.*
   410 F.3d 1071  C.A.9 (Cal.) 2005...................................................................................10

*White v. MPW Industrial Services, Inc.*
   236 F.R.D. 363 (E.D. Tenn. 2006)..................................................................................15

*Xechem, Inc. V. Bristol-Myers Squibb Co.*
   372 F.3d 899 (7th Cir. 2004).............................................................................................7

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

**STATE CASES**

2

*Hudgins v. Neiman Marcus Group*
    34 Cal.App.4th 1109 (1995) ........................................................................ 9, 17

*In re Trombley*
    31 Cal.2d 801 (1948) ................................................................................ 9

*Kerr's Catering Service v. Department of Industrial Relations*
    57 Cal.2d 319 (1962) ............................................................................. 9, 17

3

4

5

6

7

8

**RULES**

9

Federal Rule of Civil Procedure 12(d) ................................................................ 4

10

11

**REGULATIONS**

12

29 C.F.R. § 778.315 ............................................................................... 19, 20

13

**FEDERAL STATUTES**

14

29 U.S.C. § 216(b) ................................................................................ 19
29 U.S.C. § 185(a) ................................................................................ 10

15

16

**STATE STATUTES**

17

18

California Labor Code §201 ............................................................................ 8
California Labor Code §202 ............................................................................ 8
California Labor Code §203 ............................................................................ 8
California Labor Code §204 ............................................................................ 9
California Labor Code §207 ............................................................................ 9
California Labor Code §210 ............................................................................ 9
California Labor Code §216 ............................................................................ 9
California Labor Code §222 ................................................................. 11, 17, 18
California Labor Code §224 ......................................................................... 11
California Labor Code §301 ................................................................. 11, 12, 14
California Code of Civil Procedure § 1060 ............................................................. 13

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

2

## I.    INTRODUCTION

The California Labor Code ("Labor Code") and Fair Labor Standards Act ("FLSA")

provide fundamental protections to all employees within their coverage, in the form of minimum

labor standards.  One of the minimum standards guaranteed to all employees under the protection

of the Labor Code is provision for timely payment of all wages, including vacation pay.  One of

the minimum standards guaranteed to all employees under the protection of the FLSA is

provision for receipt of overtime compensation.  In their Complaint in this action, Plaintiffs claim

that Defendants failed to abide by those guaranteed minimum standards by unlawfully deducting

amounts from Plaintiffs' accrued vacation pay that was due and owing.

Contrary to Defendants' assertion, resolution of Plaintiffs' complaint does not require

*interpretation* of a collective bargaining agreement, as that term has come to be understood for

the purpose of determining whether a state law claim is preempted by Section 301 of the Labor

Management Relations Act ("LMRA").  While the Court will be required to *look to* the collective

bargaining agreement in this case, there is no dispute as to what it says, or the amount of vacation

pay provided for by the collective bargaining agreement.  Rather, the dispute concerns whether or

not Plaintiffs actually received the full amount.  There is no need to interpret the collective

bargaining agreement to make that determination.  Accordingly, Plaintiffs' claims under the

Labor Code are not preempted by Section 301 of the LMRA, and there is no reason to stay the

proceedings pending the outcome of the grievances filed by the Plaintiffs' union.

Defendants have not yet answered Plaintiffs' Complaint.  But it appears that Defendants

intend to defend against Plaintiffs' claims by arguing that the San Francisco Sick Leave

Ordinance permits Defendants to use accrued *vacation pay* to satisfy Defendants' obligation to

provide *sick leave* to Plaintiffs.  Defendants' attempt to raise an affirmative defense at this stage,

and to rely on it in support of the instant motion to dismiss is completely inappropriate.  It is

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

based entirely on allegations and documents extrinsic to the Complaint. Moreover, by raising an apparent defense that has no relationship to the Complaint, Defendants have fundamentally mischaracterized the nature of Plaintiffs' claims. Plaintiffs do not claim, as Defendants suggest, that Defendants paid portions of their vacation pay prior to the contractual deadline for payment. Rather, Plaintiffs claim that Defendants failed entirely to pay all vacation pay due and owing to them. When Plaintiffs' Complaint is read for what it says, it is clear that Plaintiffs have stated sufficient claims under both the Labor Code and the FLSA, neither of which is preempted,[1] and that Defendants' motion must be denied.

## II.    SUMMARY OF RELEVANT FACTS

Plaintiffs are each employed by one of the Defendants as elevator constructors in San Francisco, California. Complaint, ¶ 5. Defendants each provide elevator installation, construction and maintenance services in San Francisco. *Id.*, ¶¶ 6-11. In their employment with Defendants, Plaintiffs are covered under a collective bargaining agreement ("CBA") between the International Union of Elevator Constructors ("IUEC") and the National Elevator Bargaining Association ("NEBA"), neither of whom are parties to this action. *Id.*, ¶ 18.

Article XII of the CBA requires Defendants to compensate employees for vacation pay at an agreed-upon wage. The applicable portion of Article XII states:

> (a) "A man who has worked less than five (5) years in the business shall receive Vacation Pay credit on the basis of 6% of his regular hourly rate for all hours actually worked. A man who has worked more than five (5) years in the business shall receive Vacation Pay credit on the basis of 8% of his regular hourly rate for all hours actually worked..."
> (b) "The vacation pay accrued from January 1 of one year through June 30 of the same year shall be paid in full to the employee by July 15 of that year. The vacation pay accrued from July 1 of one year through December 31 of the same year shall be paid in full to the employee by January 15 of the succeeding year."

*Id.*, ¶ 19(16-24).

---

[1]Plaintiffs note that Defendants do not argue that Plaintiffs' FLSA claims are pre-empted under LMRA § 301.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169    FAX: (510) 272-0174

On or about January 15, 2008, Defendants willfully and/or unlawfully deducted amounts from Plaintiffs' accrued vacation pay, which was due and owing and required to be paid in full on January 15, 2008. *Id.*, ¶ 21(7:5-7). The amounts withheld were neither authorized by law nor consented to or otherwise in any way authorized by Plaintiffs. *Id.*, ¶ 21(7:7-8). The IUEC has repeatedly demanded that Defendants compensate Plaintiffs for all accrued vacation pay without deductions of any kind and timely pay all such accrued vacation pay. *Id.*, ¶ 22(7:9-12). Defendants have repeatedly failed and refused to fully compensate employees for their accrued vacation pay. *Id.*, ¶ 22(7:12-13).

These are the facts upon which Plaintiffs' claims arise, and which are specifically plead in Plaintiffs' Complaint. These are the only facts upon which this Court may decide Defendants' motion to dismiss Plaintiffs' Complaint in whole or in part. Whatever facts Defendants may later wish to rely upon in mounting their defense, those facts are not properly before the Court at this time.

## III.    ARGUMENT

**A.    In Deciding Defendants' Motion, This Court May Only Consider Plaintiffs' Complaint and the Collective Bargaining Agreement Between the IUEC and the NEBA.**

In support of this motion, Defendants attempt to rely upon a significant amount of material that is not properly before this Court. However, this Court is only permitted to rely upon Plaintiffs' Complaint and the CBA specifically referenced therein.

### 1.    The Court May Not Consider Material Outside the Pleadings

A district court is generally not permitted to consider any material beyond the pleadings in resolving a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. V. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1994), overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); and *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Material that is "properly submitted as part of the complaint may be considered." *Hal Roach Studios*, 896 F.2d at 1555 n.19; *Branch*, 14 F.3d at 453; and *AMFAC Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 430 (9th Cir. 1978). However, to be considered part of the complaint, and therefore properly before the court on a Rule 12(b)(6) motion to dismiss, there must be no question as to the document's authenticity and the document must either be specifically referred to in the complaint or the plaintiff's complaint must necessarily rely upon it. *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998); *Branch*, 14 F.3d at 453-4; *AMFAC*, 583 F.2d at 430; and *Townsend v. Columbia Operations*, 667 F.2d 844, 848-9 (9th Cir. 1982).

When "matters outside the pleadings are presented to and not excluded by the court," a motion under Rule 12(b)(6) "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). See also *Branch*, 14 F.3d at 453; and *AMFAC*, 583 F.2d at 430.

### 2. The Documents for Which Defendants Seek Judicial Notice are Outside the Pleadings Because Plaintiffs' Complaint Neither Specifically Refers to the Documents Nor Necessarily Relies Upon Them.

The CBA, attached as Defendants' Request for Judicial Notice, Exhibit A ("Def. RJN, Exh. A"), is specifically referenced in Plaintiffs' Complaint and, as such, is properly before this Court in support of Defendants' motion. The Complaint, attached as Def. RJN, Exh. E, is also properly before this Court. However, none of the remaining additional materials proffered by Defendants in support of this motion can be relied upon by this Court without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 – which motion could not possibly succeed.

Specifically, Def. RJN, Exh. B consists of eight unsigned IUEC Grievance Forms, purportedly representing grievances filed between 7/13/2007 and 2/1/2008. Those grievances are

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

not specifically referenced in Plaintiffs' Complaint. Nor do any of Plaintiffs' claims necessarily

--or even remotely-- implicate those grievances. While Plaintiffs do allege in their Complaint that

the IUEC repeatedly demanded that Defendants compensate Plaintiffs for all accrued vacation

pay, Plaintiffs' claims for relief under the Labor Code and the FLSA would be legally sufficient

even without that allegation. *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 704 (1944). More

importantly, nothing in the Complaint suggests that Plaintiffs are referring to any grievances, let

alone grievances that predate the events giving rise to Plaintiffs' claims in this action.

Accordingly, this Court must disregard those grievances attached as Def. RJN, Exh. B for the

purposes of deciding Defendants' Rule 12(b)(6) motion to dismiss. The Declaration of E. James

Walker, which purports to authenticate the grievances at Def. RJN, Exh. B, and to submit entirely

new factual allegations regarding those grievances (Walker Declaration, ¶¶ 7-9), must also be

disregarded in its entirety for the same reason – it seeks to introduce evidence outside the

pleadings.

      Def. RJN, Exhs. C and D fare no better. These exhibits consist of two unfair labor

practice charges filed by the IUEC in August 2007 with the National Labor Relations Board

("NLRB"), and a letter from the NLRB to three individuals - none of whom are plaintiffs in this

action - regarding one of those charges. There is no conceivable way that Plaintiffs' Complaint

could be construed as referring to, or as necessarily relying upon, those documents. To that end,

Plaintiffs note that all of those documents predate the Defendants' conduct giving rise to this

action. Accordingly, this Court must disregard the documents attached as Def. RJN, Exhs. C and

D for the purpose of deciding Defendants' motion. Similarly, the Declaration of Johan W.E.

Maitland, purporting to authenticate those documents and to offer the Declarant's *opinion* as to

what the IUEC alleged through the NLRB complaints (Maitland Declaration, ¶ 3(2:17-19)), must

also be disregarded in its entirety.

1

2

### 3.     The Court Must Disregard Defendants' Attempts to Raise Affirmative Defenses Through This Motion to Dismiss.

3

Even if the Court were to take judicial notice of the additional documents proffered by

4

Defendants without converting the motion into a motion for summary judgment, there would still

5

be no evidence properly before this Court to support many of Defendants' arguments in support

6

of their Rule 12(b)(6) motion to dismiss.  There is nothing in any of the documents of which

7

Defendants have requested this Court to take judicial notice that contradict the allegations made

8

in Plaintiffs' Complaint.

9

Plaintiffs clearly allege in their Complaint that Defendants failed to pay Plaintiffs the full

10

amount of vacation pay due and owing.  Complaint, ¶¶ 21(7:4-8), 24(7:20-22), 25(7:25-26),

11

27(8:7-9), 32(9:21-28), 33(10:2-3) and 35(10:13-18).  Nothing in the Complaint suggests that

12

Plaintiffs were paid portions of their vacation pay prior to a contractually-established deadline.

13

Nor does anything in the Complaint suggest that Defendants' failure to pay Plaintiffs the full

14

amount of vacation pay due and owing to them was somehow permitted or prohibited by the San

15

Francisco Sick Leave Ordinance.  To the contrary, Plaintiffs simply claim that they did not

16

17

receive the full amount of their accrued vacation pay due and owing to them, and that the

18

amounts withheld were not in any way authorized by statute.  Complaint, ¶ 21(7:7-8).

19

Citing Plaintiffs' alleged failure to include "undisputed and extremely important facts" in

20

their Complaint, Defendants are essentially asking this Court not only to go beyond the four

21

corners of the Complaint, but to do so to resolve an *affirmative defense that cannot possibly be*

22

*said to arise out of the pleadings*.  *See* Defendant's Memorandum of Points and Authorities

23

("Def. Mem."), 4:16-24.  It is well settled that:

24

25

> Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses,
> for plaintiffs need not anticipate and attempt to plead around all potential defenses.
> Complaints need not contain *any* information about defenses and may not be dismissed for
> that omission.

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169    FAX: (510) 272-0174

1
2

*Xechem, Inc. V. Bristol-Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004), cited with approval in *Saunders v. Knight*, 2006 WL 224426, *2 (E.D.Cal., Jan. 25, 2006).

3
4

It is equally well settled that, "A court can dismiss a complaint under Rule 12(b)(6) *when an affirmative defense appears on the face of the complaint.*" *Levoto v. Lapina*, 258 F.3d 156,

5
6

161 (3d Cir. 2001), emphasis added.  The clear corollary to this principle is that when an affirmative defense does *not* "appear on the face of the complaint," it cannot support a motion to

7
8

dismiss.

9
10

As demonstrated above, (and below at 16-17, regarding Defendants' motion to dismiss for failure to state claims under the California Labor Code), the affirmative defense Defendants'

11

assert here has no basis whatsoever in Plaintiffs' Complaint.

12
13

Accordingly, this Court should not consider any of Defendants' arguments that rely upon the San Francisco Sick Leave Ordinance.   Defendants may seek to rely on this Ordinance by a

14
15

proper motion after they have actually filed an Answer.  But this Ordinance is not properly before the Court in this motion because it has no relevance to Plaintiffs' claims for relief under the

16
17

California Labor Code or the Fair Labor Standards Act, and accordingly is not properly before the Court in this motion.

18

19
20

**B.    Defendants' Motion Must Be Dismissed Because Plaintiffs' Claims are Based on a Cognizable Legal Theory, Supported by Sufficient Facts.**

21
22

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") is to test the legal sufficiency of the claims stated in the complaint.  Thus, the court

23
24

may grant a motion to dismiss only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

25
26

*Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246,

27
28

249 (9th Cir. 1997).

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

In resolving a Rule 12(b)(6) motion to dismiss, all allegations of material fact set out in the complaint must be "taken as true and construed in the light most favorable to the nonmoving party", and the complaint "should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-8 (9th Cir. 1996). It is only in "extraordinary" cases that dismissal is proper under this rule. *U.S. v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). The instant case is not an extraordinary case. The allegations of material fact set out in Plaintiffs' Complaint, taken as true and construed in the light most favorable to Plaintiffs, support all of Plaintiffs' claims for relief.

**C.**    **Plaintiffs' First and Third Causes of Action are Not Preempted by Section 301 of the LMRA.**

**1.**    **Labor Code Section 222 is a Minimum Labor Standard**

Plaintiffs' first cause of action arises under Labor Code Section 222, which is part of a comprehensive statutory scheme of minimum labor standards designed to ensure that all employees receive the full amount of wages to which they are entitled. For instance, there is provision for prompt payment of wages due upon the termination of the employment relationship, and penalties established for an employer's failure to pay those wages promptly as required. Cal. Labor Code §201 (requiring payment of outstanding wages immediately upon discharge)[2]; §202 (requiring payment of outstanding wages within 72 hours when employee without written employment contract quits his or her employment); and §203 (setting out penalties for failure to pay wages of an employee who quits or is discharged). See also *Livadas v. Bradshaw*, 512 U.S. 107, 110 (1994) ("California law requires employers to pay all wages due immediately upon an employee's discharge, imposes a penalty for refusal to pay promptly, precludes private contractual waiver of these minimum labor standards, and places responsibility for enforcing

---

[2] Further reference to Code sections are to the California Labor Code unless noted otherwise.

these provisions on the [Labor Commissioner], ostensibly for the benefit of all employees.").

This Division of the Labor Code also provides for the ongoing payment on established regular paydays of wages earned, and penalties for an employer's failure to make payment as required. §204 (requiring establishment of regular paydays and payment of wages thereon); §207 (requiring posting of notices specifying regular paydays and time and place of payment); and §210 (setting out penalties for failure to pay employees' wages as provided).

"It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due." *In re Trombley*, 31 Cal.2d 801, 809 (1948) (upholding the constitutionality of Section 216) "An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee." *Ibid.* Thus, in addition to the various civil penalties provided for therein, the Labor Code also provides for criminal penalties for the willful refusal to pay wages due and payable. §216.

"Labor Code section 221 and related provisions in sections 222 through 223 were enacted in 1937 in response to secret deductions or 'kickbacks' that made it appear as if an employer was paying wages in accordance with an applicable contract or statute, whereas, in fact, the employer was paying less." *Hudgins v. Neiman Marcus Group*, 34 Cal.App.4th 1109, 1118 (1995) *citing Kerr's Catering Service v. Department of Industrial Relations*, 57 Cal.2d 319, 328-329 (1962). "Those sections are, thus, declarative of a strong public policy against fraud and deceit in the employment relationship." *Ibid.*

It is well settled that states are entitled to enact such minimum labor standards without

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

running afoul of federal preemption.  "States possess broad authority under their police powers to regulate the employment relationship to protect workers within the State."  *Metropolitan Life Ins. Co. V. Mass.*, 471 U.S. 724, 756 (1985), citing *DeCanas v. Bica*, 424 U.S. 351, 356 (1976).  "Child labor laws, *minimum and other wage laws*, laws affecting occupational health and safety ... are only a few examples."  *Ibid.*, emphasis added.  Preemption of minimum labor standards enacted by states for the protection of workers, such as Section 222 of the Labor Code, "should not be lightly inferred".  *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 21 (1987).

**2.    LMRA Section 301 Preemption of State-Law Minimum Standards Only Applies Where the Court is Required to *Interpret* a CBA in order to Resolve the State-Law Claim, and Not Where the Court is Only Required to *Look to* the CBA.**

Section 301 of the LMRA "vests jurisdiction in federal courts over '[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075, citing 29 U.S.C. § 185(a).  Section 301 preemption should be applied to state minimum labor standards only in the following narrow circumstances: 1) "if the asserted state right exists *solely* as a result of [a] CBA" or 2) "if ... the right exists independently of the CBA ... [but it] is nevertheless *substantially dependent on analysis* of a [CBA]."  *Burnside v. Kiewitt Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir.2007), emphasis added. [3]  "In order to help preserve state authority in areas involving minimum labor

---

[3] See also *Livadas*, 512 U.S. at 123 ("§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law" because "Congress is understood to have legislated against a backdrop of generally applicable labor standards"); *Valles*, 410 F.3d at 1076 (9th Cir. 2005), citing *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 ("the Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law."); *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 411-412 (1988), citing *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 737 (1981) ("Although the analysis of the question under each statute is quite distinct, the theory running through these cases is that notwithstanding the strong policies encouraging arbitration, 'different considerations apply *where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'*") [emphasis in original]; and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

standards, the Supreme Court has distinguished between claims that require *interpretation or construction* of a labor agreement and those that require a court simply to '*look at*' the agreement." Only in the former case of *"interpretation"* will Section 301 preemption apply. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000), emphasis added. See also *Lingle*, 486 U.S. at 413; *Livadas*, 512 U.S. at 125; and *Burnside*, 491 F.3d at 1060.

Based on the distinction between *interpreting* on one hand, versus *looking to* or *referring to* a CBA on the other, a number of decisions of the Ninth Circuit have held that claims by employees working under a CBA and alleging state minimum labor standards violations are not preempted by Section 301.[4] "[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes." *Lingle*, 486 U.S. at 409-410.

When determining whether or not claims require *interpretation* of a CBA for the purpose of a Section 301 preemption analysis, that term should be defined narrowly so as to mean "something more than 'consider', 'refer to,' or 'apply.'" *Balcorta*, 208 F.3d at 1108. Moreover,

---

*Metropolitan Life*, 471 U.S. at 756 ("It would turn the policy that animated the Wagner Act on its head to understand it to have penalized workers who have chosen to join a union by preventing them from benefiting from state labor regulations imposing minimal standards on nonunion employers."). With respect to Section 222 specifically, see *International Woodworkers of America, Local 6-64, CIO v. McCloud River Lumber Co.*, 119 F. Supp. 475 (N.D. Cal. 1953) ("The public policy of a State, as emphatically declared as it is in *Sections 222 and 224 of the California Labor Code*, cannot be ignored by a Federal Court in a matter clearly within the ambit of State power.") [emphasis added]

[4]  *See, e.g., Valles*, 410 F.3d at 1076 (meal, rest break claims); *Balcorta*, 208 F.3d at 1109 (waiting time penalties); *Burnside*, 491 F.3d at 1074 (travel time pay); *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1053 (9th Cir. 2003) (Overtime claim: "Gregory's claim is based entirely on state law. There is no dispute over the terms of the CBA or its interpretation. While overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the *method* of calculation.")

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

"the totality of the policies underlying § 301 – promoting the arbitration of labor contract disputes, securing the uniform interpretation of labor contracts, and *protecting the states' authority to enact minimum labor standards* - guides our understanding of what constitutes 'interpretation.'" *Ibid.*, 208 F.3d at 1108-09, emphasis added.

The Supreme Court has recognized that a CBA may "contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled." *Lingle*, 486 U.S. at 413, n.12. In cases where "the meaning of particular contract terms is not disputed, the fact that a collective bargaining agreement must be consulted for information will not result in § 301 preemption." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); citing *Livadas*, 512 U.S. at 123-24 and *Lingle*, 486 U.S. at 413, n.12; see also *Valles*, 410 F.3d at 1076.

### 3. Plaintiffs' Claim Under Labor Code Section 222 Only Requires the Court to *Look to* the CBA

In this case, there is no dispute about what the CBA says, or about the amount due and owing, as provided for under the CBA. Accordingly, this case is sharply distinguishable from the circumstances in *Mendes v. W.M. Lyles Co*, 2008 WL 171003 (E.D.Cal, Jan. 18, 2008).[5] The dispute between the parties here is whether the full amount due and owing was in fact paid by Defendants. There is no need for this Court to interpret the terms of the CBA to make that determination. Thus, Plaintiffs' claims under the Labor Code are not preempted by Section 301 of the LMRA.

All employees - both union and nonunion - are guaranteed the right under the Labor Code to timely payment of wages due and owing, whether the amount of those wages is provided for

---

[5] In *Mendes*, the parties disputed the meaning of the terms of the CBA, which would have required interpretation. Similarly, in *Cornn v. United Parcel Service, Inc.*, 2004 WL 2271585 (N.D.Cal., Oct. 5, 2004) cited by Defendants (which Plaintiffs note is only a "brief written summary of the Court's oral ruling"), it appears that resolution of Plaintiffs' state law claim would have required a determination of the meaning of several different terms of the CBA.

under an individual oral or written employment contract or under a CBA.  Section 222 represents one of the provisions of a comprehensive statutory scheme for the provision and enforcement of those rights.  The mere fact that Section 222 refers to wages provided for under a CBA cannot lead to the conclusion that a claim brought under Section 222 of the Labor Code is automatically preempted by Section 301 of the LMRA.  See *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1066, citing *Lingle, supra* ("the mere presence of an opt-out provision in a state law – a provision which, by definition, pertains only to unionized workers – cannot be enough to trigger preemption.").

The arguments set out above apply equally with respect to Plaintiffs' claim for declaratory relief pursuant to California Code of Civil Procedure § 1060.  As Defendants' point out, a separate analysis in respect of a claim for declaratory relief is not required.  See Def. Mem., 14:16-20, citing *Mitchell v. Mirant California, LLC,* No. C 07-05847, 2008 WL 501392, *5-7 (N.D. Cal. Feb. 21, 2008 and *Fuentes v. Ralph's Grocery Co.*, No. CV 93-1702, 1993 WL 761992 (C.D. Cal. July 28, 1993).

**D.     Even if Some Interpretation of the CBA Were Necessary, that Would not Permit Dismissal of Plaintiffs' Section 222 Claim.**

As demonstrated above, there is no need to interpret any CBA provision to adjudicate Plaintiffs' Section 222 claim and hence, that claim is not subject to Section 301 preemption.  But even if the Court were to find otherwise, dismissal of Plaintiffs' claim would be improper, for two reasons.

**1.     If CBA Interpretation Were Required to Determine *Damages*, Such Interpretation Does Not Allow Preemption of the *Substance* of Plaintiffs' Independent Section 222 State Law Claim.**

First, if this court were to find that interpretation of the CBA was needed, but only to determine the amount of *damages*, such a finding would not support preemption.  It is settled that:

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

A collective-bargaining agreement may, of course, contain information such as rate of pay and other economic benefits that might be helpful in determining the *damages* to which a worker prevailing in a state-law suit is entitled. [Citation.]  Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state-law claim, not otherwise pre-empted, would stand.  Thus, as a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement.  In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted.  As we said in *Allister-Chalmers Corp. v. Lueck*, 471 U.S., at 211, 105 S.Ct., at 1911, "not every dispute … tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301…."

*Lingle*, 486 U.S. at 413, n.12, emphasis added.

**2.      If CBA Interpretation Were Required to Resolve the S*ubstance* of Plaintiffs' Section 222 Claim, That Would Only Require C*onverting* Claim to a LMRA Section 301 Claim, Not Dismissal.**

Second, even if interpretation of the CBA were necessary to determine liability for Plaintiffs' state law clause --which it is not-- that would still not permit *dismissal* of those claims altogether.  The point of LMRA Section 301 preemption is not to dismiss independent state law claims.  Rather, "[o]nce preempted, 'any claim purportedly based on . . . state law is considered from its inception, a federal claim, and therefore arises under federal law.'  *Burnside*, 491 F.3d at 1059, quoting *Caterpillar, Inc. v. Williams*, 482 U. S. 386, 393 (1987).

In short, a state law claim that is preempted by Section 310 is *converted* into a federal Section 301 claim *ab initio*, and is thus subject to rules governing such claims.  Two such rules would apply here.

First, the six-month statute of limitations applicable to LMRA Section 301 claim would apply.  For example, as the court held in *KOFOED v. Rosendin Electric, Inc.*, 157 F.Supp.2d 1152, (D.Ore. 2001):

In short, I find that the intentional interference claim and a portion of the defamation claim are preempted on the basis that the CBA will need to be construed to determine if Rosendin had a qualified privilege to make the statements.  As such *those claims are converted into claims under Section 301* ...

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1
2

> *and become subject to the applicable six-month statute of limitations. Grant v. McDonnell Douglas Corp.,* 163 F.3d 136, 1138 (9th Cir. 1998).

3

*Id.*, 157 F.Supp.2d at1157, emphasis added.

4

Likewise, the Ninth Circuit, in the *Grant v. McDonnell Douglas Corp.* decision quoted in

5

*KOFOED,* affirmed a district court dismissal of a preempted claim as time-barred, noting:

6
7
8

> Because this action directly concerned the collective bargaining agreement . . . Douglas removed the case to federal district court under Section 301 . . . A Section 301 claim is governed by a six-month statute of limitations. *DelCostello v. International Broth. Of Teamsters,* 462 U.S. 151, 169 (1983).

9

*Grant*, 163 F.3d at 1138.

10

In short, a state law claim preempted by Section 301 must be *dismissed* only if time-

11

barred, i.e., *if* the claim accrued more than six months before the filing of the Complaint.

12

That is not the case here. As the Complaint expressly states, the conduct giving rise to

13
14

Plaintiffs' claims occurred on January 15, 2008, when Defendants failed to pay Plaintiffs the full

15

amount of vacation wages due and owing. Complaint, ¶21. That conduct occurred less than two

16

months before Plaintiffs filed their complaint on March 7, 2008. Tellingly, Defendants do not

17

claim Plaintiffs' Section 222 claim is time-barred under LMRA Section 301's six-month statute

18

of limitations. Rather, Defendants fundamentally misunderstand the nature of LMRA Section

19

301 preemption, treating it as a *per se bar,* prohibiting an independent state law claim. That is not

20

what LMRA Section 301 preemption entails, and Defendants' motion to dismiss must

21
22

accordingly be denied.

23

Another result of converting a state-law claim to a LMRA Section 301 claim is to bring

24

the claim within the line of cases requiring deferral (not dismissal) to arbitration, where some or

25

all of the claim is subject to arbitration. See *Steelworkers v. Enterprise Wheel & Car Corp.*, 363

26

U.S. 593 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); and

27
28

*Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960).

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

As the Supreme Court has recognized "where the claim cannot be resolved without interpreting the CBA, '[h]olding the plaintiff's cause of action substantively extinguished may not … always be the only means of vindicating the arbitrator's primacy as the bargained-for contract interpreter.'"  *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 691, n.2 (9th Cir. 2001), citing *Livadas*, 512 U.S. at 124 n.18.

Accordingly, the most Defendants can possibly secure from this motion would be a stay of this matter, and deferral to arbitration.  But such a stay and deferral is neither necessary nor appropriate because as demonstrated above, Plaintiffs' claims are preempted by Section 301.

**E.     Plaintiffs Have Stated a Proper Cause of Action Under the California Labor Code**

Defendants' argument that Plaintiffs' state-law claims fail to state claims under the California Labor Code relies on its *factual* assertion that "Plaintiffs were, in fact, paid vacation as calculated under the [CBA]."  Def. Mem. at 4, emphasis added.  Defendants' motion fails for the simple reason that it relies on Defendants' own factual *allegation*s outside the Complaint, allegedly supported by documents that are not properly before this Court in a Rule 12(b)(6) motion.  *See above* at 3-4.    Indeed, the gist of Defendants' motion is to factually dispute – with extraneous material – Plaintiffs' claim that they were not paid their vacation pay.  That is hardly the basis for a motion to dismiss for failure to state a claim.

Defendants try to fabricate this into a legal dispute by asserting that, "the only issue in dispute is whether the [CBA] prohibits Defendants from paying portions of vacation pay prior to a contractually-established deadline."  Def. Mem. at 4.  This utterly misstates Plaintiffs' Complaint.  Nowhere in Plaintiffs' Complaint do they claim that Defendants paid them their vested vacation pay *too early*.  To the contrary, Plaintiffs' Complaint expressly and only claims that Defendants did not pay them portions of their vacation pay *at all*.  Complaint, ¶¶ 21, 27, 25.

Close reading of Defendants' motion demonstrates that they have gone even further

beyond the four corners of the Complaint in this motion.  Specifically, Defendants' motion

reveals that *the manner* in which Defendants claim that "Plaintiffs were, in fact, paid vacation as

calculated under the [CBA]" was by deducting from Plaintiffs' accrued *vacation pay,* to satisfy

Defendants' obligation to provide *sick leave* to Plaintiffs under the San Francisco Sick Leave

Ordinance.  Def. Mem. at 6.

      And then to complete their argument, Defendants claim that "*using vacation pay to*

*provide sick leave is perfectly legal under the Ordinance*."  *Id*. at 15, emphasis added.

      This argument fails here not because it is specious on its face – the time for demonstrating

that will come later – but because it is nothing more than an *affirmative defense* based entirely on

facts and documents utterly unrelated to the Complaint.  In essence, Defendants admit that they

did not pay accrued vacation pay to Plaintiffs, but claim that doing so was lawful.  Regardless of

the merits of that argument, it does not support this motion to dismiss.  As noted above, a

defendant's affirmative defenses do not form a proper basis for a motion to dismiss when the

basis for the defense is not evident from the Complaint itself.  *See* above at 6.

      In sum, Plaintiffs allege repeatedly and expressly throughout their Complaint that

Defendants willfully or unlawfully withheld from Plaintiffs part of the wage agreed upon in a

wage agreement arrived at through collective bargaining.  That is all that is required to establish a

valid and legally sufficient claim that Defendants violated Section 222 of the Labor Code.[6]

      Likewise, Defendants' discussion about kickbacks and "reconciliation" is irrelevant.

Nothing in the language of Section 222 requires the Plaintiffs to allege that this case involves

"kickbacks".  See *Hudgins v. Neiman Marcus Group*, 34 Cal.App.4th 1109, 1118 (1995) *citing*

*Kerr's Catering Service v. Department of Industrial Relations*, 57 Cal.2d 319, 328-329 (1962)

---

[6]Cal. Labor Code Section 222 provides: "It shall be unlawful, in case of any wage agreement
arrived at through collective bargaining, either wilfully or unlawfully or with intent to defraud an
employee, a competitor, or any other person, to withhold from said employee any part of the
wage agreed upon."

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

("Even where fraud is not involved, however, the Legislature has recognized the employee's dependence on wages for the necessities of life and has, consequently, disapproved of unanticipated or unpredictable deductions because they impose a special hardship on employees.")

There is no evidence properly before this Court to suggest that the wages withheld from Plaintiffs somehow constituted a "reconciliation" or that Plaintiffs are somehow seeking to be paid twice for the same work.  To the contrary, the Complaint clearly alleges that Plaintiffs were not paid the full amount of vacation pay due and owing to them.  That allegation amply states a valid claim under Labor Code Section 222.  It accordingly also states valid claims based on the same allegations for penalties and declaratory relief.  See *Mitchell v. Mirant*, 2008 WL 501392 at *5-7.

## F.    Plaintiffs' Second Cause of Action States a Valid Claim under the FLSA.

Defendants' motion to dismiss Plaintiffs' FLSA claim ignores the express basis for this claim, invents FLSA claims that Plaintiffs have not made, and then proceeds to argue that this fictional claim should be dismissed.  Specifically, Plaintiffs do not claim, as Defendants suggest, that Defendants failed to pay the minimum wage, or that Defendants failed to include vacation pay in the regular rate for the purpose of calculating the overtime premium.  *See* Def. Mem. at 19.  Nor do  Plaintiffs claim that Defendants violated the FLSA by paying Plaintiffs portions of their vacation pay before it was due and owing.  *See Id*. 19-20.

Rather, Plaintiffs expressly base their FLSA claim on the fact that:

> [b]y failing and refusing to pay Plaintiffs their full regular rate of pay, including all vacation pay due and owing, Defendants violated the FLSA and regulations promulgated under it requiring the full payment for all regular hours of work to satisfy the requirement of proper and full payment of overtime premiums required under the FLSA.

Complaint, ¶ 32.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

Defendants quote this language but claim it is "cryptic" and the basis for this claim

is "difficult to discern". Def. Mem. at 18, 19. In fact, Plaintiffs' basis for this FLSA claim

could not be more clear and straightforward. It is based on Department Of Labor

regulations implementing the FLSA, which provide:

> This extra [overtime] compensation for the excess hours of overtime work under
> the Act cannot be said to have been paid to an employee unless all the straight time
> compensation due him for the nonovertime hours under his contract (express or
> implied) or under any applicable statute has been paid.

29 C.F.R. § 778.315.

In short, Plaintiffs' FLSA claim seeks full payment of their unpaid vacation

–which is a portion of their contractual pre-overtime compensation—as under the FLSA

29 U.S.C. § 216(b). The DOL regulation quoted above has long – and recently – been

held to authorize a cause of action for unpaid overtime under section 216(b) when

overtime is worked, but employees' were *not* paid their full contractual rate of pay for the

hours worked before overtime accrued. As far back as 1967, the court stated in *Hayes v.*

*Bill Haley and His Comets*, 274 F.Supp. 34, 37 (D.C. Pa. 1967):

> Judgment for the plaintiff at the regular rate for non-overtime hours work
> can be justified although far above the minimum [wage]. The policy of the
> [DOL Wage & Hour] Administrator is to enforce the regular rate where
> there is overtime involved since the overtime rate can hardly be said to be
> paid until the non-overtime rate has been paid.

And as recently as last September, the court in *Barvinchak v. Indiana Regional*

*Medical Center*, 2007 WL 2903911 (W.D. Pa. Sept 28, 2007) rejected a motion to dismiss

an FLSA claim much like the claim Plaintiff makes here. The *Barvinchak* court engaged

in a thorough discussion of the case law regarding such a claim and held:

> Defendant claims that these [FLSA overtime] provisions do not require
> straight time compensation for non-overtime hours worked. Defendant
> argues that the FLSA merely requires that employees receive not less than
> minimum wage for all non-overtime hours. As Plaintiff is not alleging that
> she received less than minimum wage for her non-overtime hours,
> Defendant argues that Plaintiff has failed to state a claim under the FLSA. .
> . . This Court disagrees.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

2
First, the title of 29 C.F.R. § 778.315 [quoted above] belies Defendants
argument . . . The language of § 778.315, that overtime pay has not been
3
paid unless "all the straight time compensation due" . . . "for the
nonovertime hours" . . . "has been paid," clearly provides that *an employer*
*must pay all owed straight time compensation in order to comply with the*
4
*FLSA's overtime requirement* . . .

5
*Id*. at *4, emphasis added.

6
    The court went on to examine relevant case law and the FLSA's language and

7
purposes and concluded that:

8
Based on the foregoing caselaw, this Court holds that because Plaintiff worked
9
overtime during the weeks for which she seeks straight time compensation, her
claim for straight time compensation which she alleges is owing is viable under
10
the FLSA.

11
*Id*. at *8.

12
    Numerous cases have so held,[7] and the Ninth Circuit in 2004 quoted the DOL

13
regulation quoted above approvingly in a closely related holding, not allowing an

14
employer to deduct from overtime wages due, other wages paid to employees in excess of

15
the minimum wage. *See  Ballaris v. Wacker Siltronic Corp*., 370 F.3d 901, 913 (9th Cir.

16
2004).

17

18
    The DOL regulation quoted above and the numerous cases implementing it are

19
controlling here.  Plaintiffs' Complaint states that: "Defendants failed to compensate

20
employees the Vacation Pay owed and due . . . . including in weeks in which Plaintiffs and

21
the plaintiff class worked and were paid for hours in excess of forty in the workweek."

22
Complaint, ¶ 32.  This allegation amply supports a valid FLSA claim for those weeks

23

24
―――――――――――――
[7]  *See, e.g., White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 365 (E.D. Tenn. 2006);
25
*Schmitt v. State of Kansas*, 864 F.Supp. 1051, 1063 (D. Kan. 1994)("The court finds the
requirement that plaintiffs be paid compensation at their regular hourly rate to be implicit in the
26
framework of the FLSA"); *Reich v. Midwest Body Corp.*, 843 F.Supp. 1249, 1252 ("[employer]
must pay employees' straight time and overtime based on their contract rates, not based on
minimum wage rates . . .  Such payment is required by the FLSA, not merely by the employees'
27
contracts."); *Donovan v. Crisostomo*, 689 F.2d 869, 876 & n.13 (9th Cir. 1982)(despite payment
for non-overtime hours above minimum wage, FLSA required that employer return kickbacks of
28
straight time pay that the employer required for weeks its employees were paid the overtime rate)

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1   when Plaintiffs worked overtime, but were *not* fully paid for their non-overtime hours

2   "[b]y [Defendants'] failing and refusing to pay Plaintiffs their full regular rate of pay,

3   including all vacation pay due and owing."  *Id.*

4

5   ## IV.    CONCLUSION

6       Based on the foregoing, Defendants' motion must be denied in its entirety.  Plaintiffs

7   Complaint states valid claims under both the California Labor Code and the Fair Labor Standards

8   Act, neither of which are preempted by Section 301 of the LMRA.

9

10

11

12  Dated: May 15, 2008                    LEONARD CARDER, LLP

13

14                                         By:____/s/_____

15                                             Jennifer Keating

16                                         ATTORNEY FOR PLAINTIFFS

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

## PROOF OF SERVICE

I am employed in Alameda County, California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 1330 Broadway, Suite 1450, Oakland, California 94612.  On May 15, 2008, I served the following document:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'  MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filings to the following:

**James S. Brown**              **james.brown@sdma.com**

**Marc A. Koonin**             **marc.koonin@sdma.com**

**Johan W.E. Maitland**        **jmaitland@drm.com**

**Jonathan T. Rose**           **jrose@drm.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on May 15, 2008.


/s/ Khae Saechao
Khae Saechao

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1 LYNN ROSSMAN FARIS (Bar No. 096029)
lfaris@leonardcarder.com
2 JENNIFER KEATING (Bar No. 250857)
jkeating@leonardcarder.com
3 LEONARD CARDER, LLP
1330 Broadway, Suite 1450
4 Oakland, CA 94612
Telephone: (510) 272-0169
5 Facsimile: (510) 272-0174

6 Attorneys for Plaintiffs

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated, | CASE NO.  C08-01922 WHA **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION AND ALSO DENYING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE** |

Plaintiffs,

v.

AMTECH/SAN FRANCISCO ELEVATOR
CO.; KONE, INC.; MITSUBISHI
ELEVATOR COMPANY; OTIS
ELEVATOR COMPANY; SCHINDLER
ELEVATOR CORPORATION; and DOES 1
through 10 inclusive,

Defendants.

JUDGE:  The Honorable William H. Alsup
DATE:   June 5, 2008
TIME:   8:00 a.m.
DEPT:   Courtroom 9, 19th Floor

*(sidebar, vertical text)* LEONARD CARDER, LLP ATTORNEYS 1330 BROADWAY, SUITE 1450 OAKLAND, CA 94612 TEL: (510) 272-0169   FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

Defendants' Motion to Dismiss Plaintiffs' Complaint with Prejudice or, in the Alternative, to Stay Proceedings Pending Arbitration ("Motion to Dismiss") came on for duly noticed hearing on June 5, 2008.  Defendants also filed a Request for Judicial Notice in Support of their Motion to Dismiss. ("Request for Judicial Notice")

Based on the arguments of the parties, Defendants' supporting Request for Judicial Notice is DENIED, except with respect to Plaintiffs' Complaint and the collective bargaining agreement governing the employment relationship between the Plaintiffs and the Defendants attached as Exhibit A of the Request for Judicial Notice ("CBA"), both of which are the proper subject of judicial notice.  The documents attached as Exhibits B through D of the Request for Judicial Notice are not the proper subject of judicial notice for the purpose of the Motion to Dismiss, because those documents are outside the pleadings.  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Based on the Complaint, the CBA, and the arguments of the parties, and good cause appearing, Defendants' Motion to Dismiss is DENIED.  Plaintiffs' Complaint states valid claims for relief under the California Labor Code and the Fair Labor Standards Act.  Defendants have failed to show that Plaintiffs' claims under the California Labor Code are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185.  Specifically, Defendants have failed to show that resolution of Plaintiffs' claims will require *interpretation* of a collective bargaining agreement.  *Lingle v. Norge Division of Magic Chef, Inc.*, 450 U.S. 399, 409-410 (1988); *Livadas v. Bradshaw*, 512 U.S. 107,123-125 (1994); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).  Given that, deferral to related arbitration

-1-

1   proceedings is unnecessary, and Defendants' alternative motion to stay the proceedings pending

2   arbitration is DENIED.

3          SO ORDERED.

4

5

6   Dated: _____          By:_____

7                                              Honorable William H. Alsup
                                               District Court Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY
PROCEEDINGS: Case No. C08-01922 WHA

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

## PROOF OF SERVICE

I am employed in Alameda County, California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 1330 Broadway, Suite 1450, Oakland, California 94612.  On May 15, 2008, I served the following document:

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION AND ALSO DENYING DEFENDANTS' RELATED REQUEST FOR JUDICIAL NOTICE**

I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filings to the following:

| | |
|---|---|
| **James S. Brown** | **james.brown@sdma.com** |
| **Marc A. Koonin** | **marc.koonin@sdma.com** |
| **Johan W.E. Maitland** | **jmaitland@drm.com** |
| **Jonathan T. Rose** | **jrose@drm.com** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on May 15, 2008.


/s/ Khae Saechao
Khae Saechao

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1