SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES S. BROWN (Bar No. 135810)
MARC A. KOONIN (Bar No. 166210)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
james.brown@sdma.com; marc.koonin@sdma.com

DOWNS RACHLIN MARTIN PLLC
PATRICIA M. SABALIS (*Pro Hac Vice*)
JOHAN W. E. MAITLAND (*Pro Hac Vice*)
JONATHAN ROSE (*Pro Hac Vice*)
199 Main Street, P.O. Box 190
Burlington, Vermont 05402
Telephone: (802)863-2375
Facsimile: (802)658-0905
psabalis@drm.com; jmaitland@drm.com;
jrose@drm.com

Attorneys for Defendants
PACIFIC COAST ELEVATOR CORPORATION, erroneously sued as AMTECH/SAN FRANCISCO ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., erroneously sued as MITSUBISHI ELEVATOR COMPANY, OTIS ELEVATOR COMPANY, and SCHINDLER ELEVATOR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated,

Plaintiffs,

v.

AMTECH/SAN FRANCISCO ELEVATOR CO.; KONE, INC.; MITSUBISHI ELEVATOR COMPANY; OTIS ELEVATOR COMPANY; SCHINDLER ELEVATOR CORPORATION; and DOES 1 through 10 inclusive,

Defendants.

CASE NO. C08-01922 WHA

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

JUDGE: The Honorable William H. Alsup
DATE: June 5, 2008
TIME: 2:00 pm
DEPT: Courtroom 9, 19th Floor

SEDGWICK DETERT, MORAN & ARNOLD LLP

SF/1511855v1

CASE NO. C08-01922 WHA
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

# TABLE OF CONTENTS

PAGE

I. Introduction ..... 1

II. The Court Should Take Judicial Notice Of The Documents Submitted In Support Of The Defendants' Motion To Dismiss Because They Are Referenced In The Complaint, Are Official Agency Records, Plaintiffs' Claims Necessarily Rely On Them, And Plaintiffs Do Not Dispute Their Authenticity ..... 2

III. The Court Should Dismiss Plaintiffs' First And Third Causes Of Action Based On Section 222 Because They Are Preempted By LMRA Section 301 ..... 4

A. Even If California Labor Code Section 222 Is Considered A "Minimum Labor Standard," Plaintiffs' Claims Are Preempted Because Resolution Of The Claims Requires Interpretation Of The NEBA Agreement ..... 4

B. Plaintiffs' First And Third Causes Of Action Are Preempted Because They Plainly Require More Than "Looking To" Or "Reference To" The Collective-Bargaining Agreement ..... 5

C. Plaintiffs' Section 222 Claims Should Be Dismissed Rather Than Converted To A Section 301 Claim Because Plaintiffs Have Failed To Exhaust The Contractual Grievance Resolution Procedure ..... 7

IV. Even If Plaintiff's Labor Code Claims Are Not Subject to Preemption — Which They Are — Plaintiffs Fail to State a Claim Under the California Labor Code ..... 7

V. Plaintiffs Fail To State A Claim Under The Fair Labor Standards Act Because The FLSA Does Not Provide A Cause Of Action To Collect Vacation Pay ..... 8

VI. This Court Should Grant Defendants' Alternative Motion to Stay Should it Fail to Dismiss the Entire Action for Any Reason ..... 9

VII. Conclusion ..... 9

SEDGWICK DETERT, MORAN & ARNOLD LLP

-i- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

# TABLE OF AUTHORITIES

**PAGE**

## FEDERAL CASES

*Abrego* Abrego *v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ....................2

*Arnold v. State of Arkansas*, 910 F.Supp. 1385 (E.D. Ark. 1995) ....................9

*Ballaris v. Wacker Siltronic Corporation*, 370 F.3d 901 (9th Cir. 2004) ....................8

*Busey v. P W Supermarkets, Inc.*, 368 F. Supp. 2d 1045 (N.D. Cal. 2005) ....................7

*Cecil v. Leland Stanford Junior Univ.*, No. C-05-04132 RMW, 2006 WL 708939 (N.D. Cal. Mar. 8, 2006) ....................2, 3, 6

*Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir.2000) ....................3

*Cornn v. United Parcel Serv., Inc.*, No. C03-2001 TEH, 2004 WL 2271585 (N.D. Cal. Oct. 5, 2004) ....................6

*Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ....................5

*Disabled Rights Action v. Las Vegas Events*, 375 F.3d 861 (9th Cir. 2004) ....................2

*Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976) ....................8

*Fernandez v. Centerplate/NBSE, Inc.*, No. Civ. 04- 0809, 2005 WL 3273370 (D.D.C. Aug. 1, 2005) ....................9

*Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1 (1987) ....................4

*Grant v. McDonnell Douglas Corp.*, *163 F.3d 11*36 (9th Cir. 1998) ....................7

*Heath v. AT&T Corp.*, No. C-05-0719 VRW, 2005 WL 2206498 (N.D. Cal. Sept. 12, 2005) ....................7

*KOFOED v. Rosendin Electric, Inc.*, 157 F. Supp. 2d 1152 (D. Or. 2001) ....................7

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988) ....................4, 5, 6

SEDGWICK DETERT, MORAN & ARNOLD LLP

-ii- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

**Table of Authorities**
**(Continued)**

**PAGE**

*Livadas v. Bradshaw*, 512 U.S. 107 (1994) .......... 4

*Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995) .......... 9

*Mendes v. W.M. Lyles & Co.*, No. CIV F. 07-1265, 2008 WL 171003 (E.D. Cal. Jan. 18, 2008) .......... 6

*Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985) .......... 3, 4

*Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263 (4th Cir. 1996) .......... 9

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) .......... 2, 3

*Rodi v. Southern New England School of Law*, 389 F.3d 5, 12 (1st Cir. 2004) .......... 3

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) .......... 3

**STATE CASES**

*Koehl v. Verio, Inc.*, 142 Cal.App.4th 1313 (2006) .......... 8

*Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th 217 (2007) .......... 8

*Schachter v. Citigroup, Inc.*, 70 Cal.Rptr.3d 776 (2008) .......... 8

*Steinhebel v. Los Angeles Times Communications*, 126 Cal.App.4th 696 (2005) .......... 8

**FEDERAL STATUTES**

29 U.S.C. § 185(a) ("Section 301") .......... passim

29 U.S.C. § 207(e)(2) .......... 8

**STATE STATUTES**

California Labor Code, section 222 .......... passim

California Labor Code, section 227 .......... 6

SEDGWICK DETERT, MORAN & ARNOLD LLP

-iii- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

**Table of Authorities**
**(Continued)**

**PAGE**

**RULES**

Federal Rules of Civil Procedure, Rule 12(b)(6) ............ 3

**REGULATIONS**

29 C.F.R. § 778.218 (2007) ............ 8

29 C.F.R. § 778.219 (2007) ............ 8

29 C.F.R. § 778.223 (2007) ............ 8

29 C.F.R. § 779.315 (2007) ............ 8

SEDGWICK DETERT, MORAN & ARNOLD LLP

-iv- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

## I. Introduction

Like an ostrich with its head in the sand, Plaintiffs' Opposition to Defendants' Motion to Dismiss or in the Alternative, to Stay Proceedings ("Opposition" or "Opp.") asks this Court to ignore what is in plain sight. It also applies the wrong legal standards and completely fails to address several critical issues, not the least of which is this Court's ability to consider evidence submitted by the Defendants in support of their alternative Motion to Stay.

Regarding the Motion to Dismiss, Plaintiffs do not dispute the authenticity of any documents of which Defendants ask this Court to take judicial notice. For instance, Plaintiffs baldly assert that their claim under California Labor Code section 222 should not be preempted by Section 301 of the Labor Management Relations Act (and therefore dismissed or deferred to ongoing arbitration) because it does not require interpretation of the collective-bargaining agreement, even though the facts of which this Court may take judicial notice clearly establish that the interpretation of the vacation pay language in that agreement forms the heart of this dispute. Instead, they assert that this Court must ignore them and is powerless to act on them because this is not a motion for summary judgment and Plaintiffs did not use the specific terms "grievances" or "unfair labor practice charge" in their Complaint. For the same reason, Plaintiffs pretend that there is no dispute about the interpretation of the collective bargaining agreement despite extensive litigation over that very issue. Plaintiffs cite the wrong standards regarding both nonnegotiable state standards and Fair Labor Standards Act ("FLSA") law. Plaintiffs are mistaken, however, because the language of the Complaint itself (along with judicial admissions in the Opposition), clearly reference parallel actions on behalf of the Plaintiffs by their Union, allowing this Court to take judicial notice of those actions and providing a basis to grant Defendants' Motion. Similarly, Defendants are entitled to prevail under the correctly applicable standards.

Regarding Defendants' alternative Motion to Stay this litigation pending outcome of the Union grievances, Plaintiffs have neither objected to the evidence properly submitted by Defendants nor introduced any admissible evidence to the contrary. Accordingly, since both

SEDGWICK DETERT, MORAN & ARNOLD LLP

-1- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

Defendants' evidence and arguments on that issue are uncontested, this Court should grant their Motion to Stay should it decline for any reason to grant the Motion to Dismiss in its entirety.

**II. The Court Should Take Judicial Notice Of The Documents Submitted In Support Of The Defendants' Motion To Dismiss Because They Are Referenced In The Complaint, Are Official Agency Records, Plaintiffs' Claims Necessarily Rely On Them, And Plaintiffs Do Not Dispute Their Authenticity.**

Defendants requested the Court to take judicial notice of the collective bargaining agreement between the Plaintiffs' union, the International Union of Elevator Constructors ("IUEC") and the Defendants ("NEBA Agreement"); grievances filed by IUEC Local 8 on behalf of named Plaintiffs Bernardi, Kim, Douglas, and Bouzidin; administrative records of the National Labor Relations Board ("Board") relating to Unfair Labor Practice Charges filed with the Board by IUEC Local 8 on behalf of Plaintiffs; the Board's disposition of the unfair labor practice charges; and Plaintiffs' Complaint filed in Superior Court for the County of San Francisco. Plaintiffs concede that the NEBA Agreement (Exhibit A to the Request for Judicial in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint with Prejudice, or, in the Alternative, Stay Proceedings Pending Arbitration, dated April 16, 2008 ("RJN")) and the Complaint (RJN, Ex. E) are properly before the Court. Opp. at 4:18-22. However, Plaintiffs claim that the Court should not consider the grievances (RJN, Ex. B), the Unfair Labor Practice Charges (RJN, Ex. C) or the Board's disposition (RJN, Ex. D).

Since Plaintiffs do not dispute the authenticity of any of these documents, the Court may take judicial notice if the Complaint refers to the documents or the Complaint necessarily relies on the documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as rec'd in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The Complaint refers to the IUEC "repeatedly demand[ing] that Defendants compensate Plaintiffs for all accrued vacation pay without deductions of any kind." Complaint ¶ 22. Since one of the repeated demands took the form of the grievances, and the Complaint obviously refers to the grievances, they are properly before the Court. Additionally, the Unfair Labor Practice Charges are another of the IUEC's demands that the Defendants compensate Plaintiffs for accrued vacation pay without deductions, and they are properly before the Court.

Further, the Unfair Labor Practice Charges and the Board's letter are records of an administrative agency, of which the Court may take judicial notice. *Disabled Rights Action v. Las Vegas Events,* 375 F.3d 861, 866 n. 1 (9th Cir. 2004).

Finally, nothing compels the Court to ignore dispositive records, whose authenticity is undisputed and which show the basis for federal preemption of Plaintiffs' Section 222 claim, simply because Plaintiffs deliberately omitted any mention of the underlying circumstances of their claims in the Complaint.[1] *Cecil v. Leland Stanford Junior Univ.*, No. C-05-04132 RMW, 2006 WL 708939, at *1 (N.D. Cal. Mar. 8, 2006) (taking notice of materials outside of the plaintiff's complaint in determining that state law claims were preempted); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (noting that although the complaint did not mention the collective-bargaining agreement, the district court "properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." (quoted in *Cecil*, *supra*)).

The Plaintiffs cannot survive this "Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino,* 146 F.3d at 706; *see also Young*, 830 F.2d at 997 (looking beyond the complaint to determine Section 301 preemption). Thus, the Court may properly consider the grievances and Board documents in deciding the Defendants' Motion to Dismiss.[2]

---

[1] Contrary to Plaintiffs' claim that Defendants are asking the Court to "resolve an affirmative defense" (Opp. at 6:22), Defendants have merely provided the Court with documents referenced in the Complaint that describe the actual dispute in the Plaintiffs' representative's own words. Rather than raising an affirmative defense, these documents clarify that resolution of the instant case requires interpretation of the NEBA Agreement. Even if they do raise an affirmative defense, however, this Court can rule on an affirmative defense if it is raised by either the face of the pleadings or facts of which the court can take judicial notice. *Rodi v. Southern New England School of Law*, 389 F.3d 5, 12 (1st Cir. 2004) ("As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the **other allowable sources of information**, and (ii) those facts suffice to establish the affirmative defense with certitude.") (emphasis added); see also *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir.2000)

[2] If the Court were to find that it was not appropriate to consider the grievances and Board documents at this stage, Defendants do not object to opening limited discovery to determine whether Plaintiffs' claims based on Section 222 are preempted by Section 301.

SEDGWICK DETERT, MORAN & ARNOLD LLP

-3- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

SF/1511855v1

**III. The Court Should Dismiss Plaintiffs' First And Third Causes Of Action Based On Section 222 Because They Are Preempted By LMRA Section 301**

As explained in detail in Defendants' Motion to Dismiss, Plaintiffs' claims under the California Labor Code and for declaratory relief are preempted by Section 301 of the Labor Management Relations Act ("LMRA") because those claims necessarily exist solely as a result of and require interpretation of the NEBA Agreement. Plaintiffs' arguments set forth in their Opposition do not alter this conclusion.

**A. <u>Even If California Labor Code Section 222 Is Considered A "Minimum Labor Standard," Plaintiffs' Claims Are Preempted Because Resolution Of The Claims Requires Interpretation Of The NEBA Agreement</u>**

Plaintiffs argue that Section 222 is a minimum labor standard and that preemption "should not be lightly inferred," citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985), and *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1 (1987). Plaintiffs' reliance on *Metropolitan Life* and *Fort Halifax* is misplaced because those cases address facial challenges to state statutes providing employee benefits, on the grounds that the statutes impeded on collective-bargaining policies established by Congress in the National Labor Relations Act. *Metropolitan Life*, 471 U.S. at 758; *Fort Halifax*, 482 U.S. at 21.

Defendants do not claim that Section 222 itself is preempted because the statute on its face interferes with national labor policies. Rather, Defendants assert that Plaintiffs' claims under Section 222 are preempted because they require interpretation of the NEBA Agreement. Indeed, Section 222 does nothing more than provide a state cause of action for enforcement of terms "agreed upon" in a collective-bargaining agreement. Therefore, the claim is preempted because federal labor policy requires that interpretation of collective-bargaining agreements take place either in arbitration or in the context of a Section 301 claim.[3] *See Lingle v. Norge Div. of*

---

[3] With regard to *Livadas v. Bradshaw,* 512 U.S. 107 (1994) and Plaintiffs' assertion that a "number of decisions of the Ninth Circuit [that] have held that claims by employees working under a CBA and alleging state minimum labor standards violations are not preempted by Section 301," Opp. at 11:9-12, Plaintiffs' arguments miss the point. In each of the cited cases, the state laws at issue provided *absolute* nonnegotiable rights, such as meal and rest break requirements, which existed independently and apart from the terms of a collective-bargaining agreement; none of these nonnegotiable rights required interpretation of an agreement for their

*Magic Chef, Inc.*, 486 U.S. 399, 407 n.7 (1988) ("It is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on the interpretation of a collective-bargaining agreement for its application. Such a remedy would be preempted by § 301.").

### B. Plaintiffs' First And Third Causes Of Action Are Preempted Because They Plainly Require More Than "Looking To" Or "Reference To" The Collective-Bargaining Agreement

Plaintiffs claim that the Section 222 cause of action requires only "looking to" the NEBA Agreement, or, in the alternative, a "reference" to the NEBA Agreement to determine damages. In support of this argument, Plaintiffs cite a number of cases in which courts refused to find section 301 preemption when resolution of the state law claim required the court only to refer to a collective-bargaining agreement for an easily ascertainable figure or to calculate damages. Opp. at 11:17-12:13. Plaintiffs attempt to analogize the present dispute to those cases, asserting that "there is no dispute about what the CBA says, or about the amount due and owing, as provided for under the CBA." Opp. at 12:16-17.

In fact, the instant lawsuit arises entirely out of a dispute over the meaning of the NEBA Agreement, as evidenced by the litigation history of the dispute. Defendants and Plaintiffs' union have spent months attempting to resolve exactly what "the CBA says." IUEC Local 8 filed eight grievances under the arbitration provision of the NEBA Agreement on behalf of the named Plaintiffs, claiming that the NEBA Agreement prohibited Defendants from paying vacation pay prior to the January 15 and July 15 dates. These grievances are unresolved, and are proceeding through the contractual arbitration procedure. Motion to Dismiss at 8. The Board also deferred an Unfair Labor Practice Charge filed over the dispute to arbitration, recognizing that the

---

vindication. *See, e.g.*, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *cert. denied*, 543 U.S. 1078 (2002) (contrasting the state law at issue in that case, which was not preempted because it provided an absolute and independent right to be free from video surveillance, with a state law claim which "cannot be resolved without interpreting the applicable CBA – as, for example . . . where the suit involved an employer's alleged failure to comport with its contractually established duties – it is preempted."). In the instant case, the claim under Section 222 explicitly relies on disputed terms of the NEBA Agreement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 n.7 (1988) ("It is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on the interpretation of a collective-bargaining agreement for its application. Such a remedy would be preempted by § 301.").

meaning of the NEBA Agreement would be determinative. RJN, Exh. D, at 2 ("As the . . . allegation in the Charge appears to be covered by certain provisions in the collective-bargaining agreement, there is a substantial likelihood that the allegation may be resolved through the grievance/arbitration procedure."). Obviously, there is a dispute over the meaning of Article XII of the NEBA Agreement in light of these sustained and ongoing efforts by the IUEC to resolve the dispute as a contractual matter.

Since Plaintiffs' claims rely entirely upon the meaning of the NEBA Agreement, they are indistinguishable from the section 222 claims found preempted in *Cornn v. United Parcel Serv., Inc.*, No. C03-2001 TEH, 2004 WL 2271585 at *1 (N.D. Cal. Oct. 5, 2004) ("The level of interpretation required to resolve Plaintiffs' first claim goes beyond the need to refer to the CBA to determine the appropriate wage rate or damages. In addition to determining the wage rate, the Court would have to interpret the CBA – including the "fair day's work for a fair day's pay" provision – to determine the scope of work and other terms and conditions of employment agreed upon by Plaintiffs and UPS.") and *Mendes v. W.M. Lyles & Co.*, No. CIV F. 07-1265, 2008 WL 171003 at *8 (E.D. Cal. Jan. 18, 2008) ("Without a breach of the wage/benefit funds provisions of a collective bargaining agreement, there can be no violation of Labor Code §§ 222 or 227. The inquiry into this cause of action, under Labor Code §§ 222 and 227 would begin and end with the collective bargaining agreement." (citation omitted)).

If this Court were to consider Plaintiffs' Section 222 claim, it would have to interpret Article XII of the NEBA Agreement and determine whether the NEBA Agreement required Defendants to pay the full amount of vacation pay on January 15 and June 15, as Plaintiffs appear to argue, rather than pay it "by" those dates as the NEBA Agreement provides. As the Supreme Court instructed, "the principle of § 301 preemption" is "if the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-406 (1988). Plaintiffs' claim depends on the meaning of Article XII of the NEBA Agreement. For this reason, it is preempted.

**C. Plaintiffs' Section 222 Claims Should Be Dismissed Rather Than Converted To A Section 301 Claim Because Plaintiffs Have Failed To Exhaust The Contractual Grievance Resolution Procedure**

Plaintiffs assert that, in the event their Section 222 claims are preempted, those claims should be converted to Section 301 claims because "a state law claim preempted by Section 301 must be *dismissed* only if time-barred. . . ." Opp. at 15:10-12. In support of this questionable proposition, Plaintiffs cite *KOFOED v. Rosendin Electric, Inc.*, 157 F. Supp. 2d 1152 (D. Or. 2001) and *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998), two cases holding that state law claims found to be preempted by Section 301 should be dismissed when brought beyond the LMRA's six-month statute of limitations. Notably, neither of these cases hold, or even suggest, that a preempted claim must be converted to a Section 301 claim rather than dismissed when the claims were timely filed under the LMRA.

In fact, state law claims preempted by Section 301 are dismissed when conversion would be futile because of the plaintiff's failure to exhaust contractual remedies or to allege that the union breached its duty of fair representation. *See, e.g. Cecil*, 2006 WL 708939, at *4 (granting motion to dismiss preempted state law claim based on failure to exhaust administrative remedies); *Heath v. AT&T Corp.*, No. C-05-0719 VRW, 2005 WL 2206498, at *6 (N.D. Cal. Sept. 12, 2005) ("Accordingly, '[b]ecause plaintiff alleges neither exhaustion of [her] grievances and arbitration remedy, nor breach by her union of its representation duty, to the extent that plaintiff's . . . causes of action are recharacterized as section 301 claims, they must be dismissed.'" (quoting *Busey v. P W Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1054-55 (N.D. Cal. 2005)). Plaintiffs have not exhausted their contractual remedies; they have not alleged any breach of IUEC Local 8's duty of fair representation. Therefore, even if their Section 222 claims were converted to Section 301 claims, they should be dismissed.

**IV. Even If Plaintiff's Labor Code Claims Are Not Subject to Preemption — Which They Are — Plaintiffs Fail to State a Claim Under the California Labor Code**

Again, Plaintiffs do not actually dispute the fact that the underlying dispute in this action stems from an application of the San Francisco Sick Leave Ordinance by the Defendants. Rather, Plaintiffs claim that this is an affirmative defense based on facts "utterly unrelated to the

Complaint." Opp. at 17:11. Despite their artful pleading, however, even Plaintiffs do not deny that they have alleged repeated parallel demands by their Union on their behalf. Complaint ¶ 22; Opp. at 3:4-7; 5:2-3. Accordingly, as set forth in Footnote 1, above, to the extent that Defendants allege an affirmative defense, this Court can grant dismissal on that basis since it is one based on documents of which the Court may and should take judicial notice. Moreover, and more telling, Plaintiffs fail to address the holdings of *Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th 217, 222-224 (2007), *Koehl v. Verio, Inc.*, 142 Cal.App.4th 1313, 1332-1334 (2006), or *Steinhebel v. Los Angeles Times Communications*, 126 Cal.App.4th 696, 707-710 (2005), each of which establishes that reconciliation of vacation pay is not unlawful under California law.[4]

**V. Plaintiffs Fail To State A Claim Under The Fair Labor Standards Act Because The FLSA Does Not Provide A Cause Of Action To Collect Vacation Pay**

In a profound misunderstanding of the Fair Labor Standards Act ("FLSA"), Plaintiffs cite a line of cases holding that, where a plaintiff alleges a claim for failure to pay overtime, federal courts may exercise pendant jurisdiction to also award any unpaid straight time supporting the overtime claim.[5] Opp. at 19-20. These cases are completely irrelevant to this case, however, since — instead of alleging failure to pay overtime pay and straight time regular wages supporting overtime pay — Plaintiffs instead allege a failure to compensate them for vacation pay only. Complaint, ¶ 32. In fact — as noted in a case cited by Plaintiffs in their Opposition (Opp. at 20:15-16) — an employer **cannot** credit fringe benefits such as vacation towards overtime compensation. *Ballaris v. Wacker Siltronic Corporation*, 370 F.3d 901, 913-914 (9th Cir. 2004) (citing to *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792, 794-95 (10th Cir. 1976) (holding that fringe benefits in the form of paid vacations, holiday pay, biannual bonuses, and

---

[4] Defendants note that on May 14, 2008, the California Supreme Court granted review of *Schachter v. Citigroup, Inc.*, 70 Cal.Rptr.3d 776 (2008), cited in their Memorandum of Points and Authorities, superseding that opinion.

[5] The basis of this policy is to include all "hours worked" in calculating overtime. See 29 C.F.R. § 779.315 (2007) ("In determining the number of hours for which overtime compensation is due, all **hours worked** (see Sec. 778.223) by an employee for an employer in a particular workweek must be counted.") (emphasis added). Vacation pay, of course, does not constitute "hours worked" and is excluded from calculation of the "regular rate" on which overtime is calculated. See 29 U.S.C. § 207(e)(2); 29 C.F.R. §§ 778.218 – 778.219 (2007).

SEDGWICK DETERT, MORAN & ARNOLD LLP

SF/1511855v1

-8- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

pay for health, life, and accident insurance cannot be credited toward overtime compensation)), Accordingly, since the vacation pay **cannot contribute to the straight time supporting overtime or the overtime rate**, it does not support a claim under the FLSA.

Moreover, many federal courts have held that that there is no supplemental jurisdiction under straight time or fringe benefit claims which do not directly support a claim relating to overtime pay or failure to pay minimum wage under the FLSA. See, e.g., *Lyon v. Whisman*, 45 F.3d 758, 762-763 (3d Cir. 1995) (there was an insufficient nexus between plaintiffs FLSA claim for overtime and her state law claims for bonus pay to justify supplemental jurisdiction over the state law claims); *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1280-1284 (4th Cir. 1996) (Government employee case seeking straight time not supporting overtime and holding that "absent a minimum wage/maximum hour violation, we find no remedy under the FLSA for a pure gap time claim"); *Arnold v. State of Arkansas*, 910 F.Supp. 1385, 1393-1394 (E.D. Ark. 1995) (Court lacked jurisdiction to adjudicate straight time pay claim unrelated to overtime claim). Similarly, the FLSA provides no independent cause of action to enforce the terms in a collective-bargaining agreement. *Fernandez v. Centerplate/NBSE, Inc.*, No. Civ. 04-0809, 2005 WL 3273370, at *4-6 (D.D.C. Aug. 1, 2005), *aff'd in relevant part*, 441 F.3d 1006 (D.C. Cir. 2006). Accordingly, this Court should dismiss Plaintiffs' FLSA claim with prejudice.

**VI. This Court Should Grant Defendants' Alternative Motion to Stay Should it Fail to Dismiss the Entire Action for Any Reason**

As set forth below, Plaintiffs neither objected to the evidence in support of Defendants' alternative Motion to Stay this litigation pending outcome of the Union grievances nor submitted any evidence to the contrary. Since both Defendants' alternative motion and the evidence in support of that motion are uncontested, this Court should grant Defendants' Motion to Stay should it decline for any reason to grant the Motion to Dismiss in its entirety.

**VII. Conclusion**

Plaintiffs' Opposition fails to establish any cognizable claim under state or federal law. Accordingly, the Court should dismiss Plaintiffs' Complaint with prejudice, or, in the alternative,

should GRANT Defendants' unopposed Motion to Stay the litigation pending the outcome of the ongoing grievance and arbitration procedure of the NEBA Agreement.

DATED: May 22, 2008

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ James S. Brown
James S. Brown
Marc A. Koonin

DOWNS RACHLIN MARTIN PLLC
PATRICIA M. SABALIS (*Pro Hac Vice*)
JOHAN W. E. MAITLAND (*Pro Hac Vice*)
JONATHAN ROSE (*Pro Hac Vice*)

Attorneys for Defendants
PACIFIC COAST ELEVATOR CORPORATION, erroneously sued as AMTECH/SAN FRANCISCO ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., erroneously sued as MITSUBISHI ELEVATOR COMPANY, OTIS ELEVATOR COMPANY, and SCHINDLER ELEVATOR CORPORATION

SEDGWICK DETERT, MORAN & ARNOLD LLP

SF/1511855v1

-10- CASE NO. C08-01922 WHA

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS