SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES S. BROWN (Bar No. 135810)
MARC A. KOONIN (Bar No. 166210)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
james.brown@sdma.com; marc.koonin@sdma.com

DOWNS RACHLIN MARTIN PLLC
PATRICIA M. SABALIS (*Pro Hac Vice*)
JOHAN W. E. MAITLAND (*pro hac vice*)
JONATHAN ROSE (*pro hac vice*)
199 Main Street, P.O. Box 190
Burlington, Vermont 05402
Telephone: (802)863-2375
Facsimile: (802)658-0905
psabalis@drm.com; jmaitland@drm.com; jrose@drm.com

Attorneys for Defendants
PACIFIC COAST ELEVATOR CORPORATION,
erroneously sued as AMTECH/SAN FRANCISCO
ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC
& ELECTRONICS USA, INC., erroneously sued as
MITSUBISHI ELEVATOR COMPANY,
OTIS ELEVATOR COMPANY, and
SCHINDLER ELEVATOR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BERNARDI, THOMAS BICKHAM, RANDY DAVENPORT, BRUCE DOUGLAS, MICHAEL BOUZIDIN, DAN KAESLER, RICHARD KIM, DAVID NAVA, MANUEL BUSTOS, on behalf of themselves and all persons similarly situated, Plaintiffs, v. AMTECH/SAN FRANCISCO ELEVATOR CO.; KONE, INC.; MITSUBISHI ELEVATOR COMPANY; OTIS ELEVATOR COMPANY; SCHINDLER ELEVATOR CORPORATION; and DOES 1 through 10 inclusive, Defendants. | CASE NO. C08-01922 WHA<br><br>**SUPPLEMENTAL APPENDIX OF UNPUBLISHED DECISIONS CITED IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**<br><br>JUDGE: The Honorable William H. Alsup<br>DATE: June 5, 2008<br>TIME: 2:00 p.m.<br>DEPT: Courtroom 9, 19th Floor |

-1-   CASE NO. C08-01922 WHA
SUPPLEMENTAL APPENDIX OF UNPUBLISHED DECISIONS CITED IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION

SF/1511946v1

For the convenience of the Court, Defendants Pacific Coast Elevator Corporation, erroneously sued herein as Amtech/San Francisco Elevator Co., KONE, Inc., Mitsubishi Electric & Electronics USA, Inc., erroneously sued herein as Mitsubishi Elevator Company, Otis Elevator Company, and Schindler Elevator Corporation ("Defendants") respectfully submit true and correct copies of the following unpublished federal cases cited in their reply memorandum of points and authorities in support of their motion to dismiss the complaint:[1]

| Description | Tab No. |
|---|---|
| **UNPUBLISHED FEDERAL DECISIONS** | |
| *Cecil v. Leland Stanford Junior Univ.*, No. C-05-04132 RMW, 2006 WL 708939 (N.D. Cal. Mar. 8, 2006) | 1 |
| *Heath v. AT&T Corp.*, No. C-05-0719 VRW, 2005 WL 2206498 (N.D. Cal. Sept. 12, 2005) | 2 |

DATED: May 22, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ James S. Brown
James S. Brown
Marc A. Koonin

DOWNS RACHLIN MARTIN PLLC
PATRICIA M. SABALIS (*Pro Hac Vice*)
JOHAN W. E. MAITLAND (*Pro Hac Vice*)
JONATHAN ROSE (*Pro Hac Vice*)

Attorneys for Defendants
PACIFIC COAST ELEVATOR CORPORATION, erroneously sued as AMTECH/SAN FRANCISCO ELEVATOR CO., KONE, INC., MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., erroneously sued as MITSUBISHI ELEVATOR COMPANY, OTIS ELEVATOR COMPANY, and SCHINDLER ELEVATOR CORPORATION

---

[1] Unpublished materials previously included as part of Defendants' original Appendix are not included again in this Supplemental Appendix.



SF/1511946v1

-2-   CASE NO. C08-01922 WHA
SUPPLEMENTAL APPENDIX OF UNPUBLISHED DECISIONS CITED IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION

# Tab 1

Westlaw.

Not Reported in F.Supp.2d                                                                                                                  Page 1
Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.), 152 Lab.Cas. P 10,651
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.))**

C

Cecil v. Leland Stanford Junior University
N.D.Cal.,2006.

United States District Court, N.D. California,
San Jose Division.
Chester William CECIL, Plaintiff,
v.
LELAND STANFORD JUNIOR UNIVERSITY,
and Does 1 through 100, Defendants.
**No. C-05-04132 RMW.**

March 17, 2006.

Steven D Zavodnick, for Plaintiff.
Michael Terence Lucey, Carol Capri Copsey, for Defendants.

ORDER GRANTING MOTION TO DISMISS

RONALD M. WHYTE, J.

[Re Docket Nos. 6, 17, 22]

*1 Defendant Stanford University moves to dismiss plaintiff Chester Cecil's three causes of action as preempted by § 301 of the Labor Management Relations Act ("LMRA"). For the reasons set forth below, the court grants defendant's motion.

I. BACKGROUND

Generally, the following facts are taken from the complaint and are accepted as true (as they must be) for the purposes of the defendants' motions to dismiss. Additional facts are taken from the collective bargaining agreement ("CBA") governing Cecil's employment.[FN1] According to the Ninth Circuit, "a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining whether it has jurisdiction over a claim."*Inlandboatmens Union of Pac. v. Dutra Group,* 279 F.3d 1075, 1083 (9th Cir.2002); *see also Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir.1987) (noting that although complaint did not mention collective bargaining agreement, district court "properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction"). Facts have also been taken from the declaration of Cecil's attorney; Stanford does not object to consideration of this declaration and even cites to it. *See* Reply at 3.

> FN1. Cecil acknowledges the existence of a CBA between his union (United Stanford Workers Local 715) and Stanford that covers his employment with Stanford. *See* Compl. ¶ 9; Opp'n at 2.

Some years ago, Stanford University hired Chester Cecil as a full-time employee in the position of "HVAC Mechanic." Compl. ¶ 12. Cecil and Stanford "entered into a written employment agreement" on October 16, 1984. *Id.* ¶ 30.On February 5, 2004, Cecil was cited for driving under the influence of alcohol. *Id.* ¶ 14.As a result, the California Department of Motor Vehicles revoked his driver's license for one year. *Id.* Cecil informed his supervisor of the revocation, who initially told Cecil that he might have to take a leave of absence while his license was revoked, but later informed Cecil that he had to have a valid driver's license to continue working for Stanford. *Id.* ¶¶ 16-17.

On June 14, 2004, Cecil requested a personal leave of absence; Stanford denied his request on June 29. *Id.* ¶¶ 18-19.Cecil then requested that his union file a grievance on his behalf to challenge the denial of his request for a leave. *Id.* ¶ 20.Cecil was then "informed that if he checked himself into a rehabilitation center for possible substance abuse, action to terminate his employment would cease."*Id.* Cecil attempted to obtain admittance to a hospital, but could not be admitted until July 19, 2004. *Id.* ¶ 21.On July 7, 2004, his union representative in-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA    Document 25    Filed 05/22/2008    Page 5 of 19

Not Reported in F.Supp.2d                                                                   Page 2
Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.), 152 Lab.Cas. P 10,651
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.))**

formed him that if he was not admitted into rehabilitation by the next morning, his employment would be immediately terminated. *Id.* ¶ 22. The next day, Cecil was informed that he would still be fired if he lacked a valid driver's license at the end of his rehabilitation and that he would not be granted any personal leave. *Id.* ¶ 23.

*2 To avoid termination, Cecil, on the advice of his union, submitted a letter in which he stated he was taking early retirement "under duress." *Id.* ¶ 24. Stanford refused to accept his letter because of the mention of duress. *Id.* Cecil sent Stanford a second letter removing the reference to duress. *Id.*

It is unclear what-if anything-of relevance happened during the late summer and early autumn of 2004, but in November 2004, Cecil retained his present attorney, Steven Zavodnick. Zavodnick Decl. ¶ 2. Zavodnick contacted Stanford and was referred to its "Director of Employee and Labor Relations," Susan Hoerger. *Id.* ¶ 3. Zavodnick repeatedly called Hoerger until he reached her on December 6, 2004. *Id.* ¶ 4. Hoerger then told Zavodnick she would not recognize him as Cecil's representative until Cecil sent her a letter changing his representative from his union to Zavodnick. *Id.* On December 13, 2004, Cecil notified Hoerger in writing that he was substituting Zavodnick for the union. *Id.* ¶ 5. After another six weeks of leaving "numerable" unreturned voicemail messages for Hoerger, Zavodnick reached her in January 2005 by calling from another number. *Id.* ¶¶ 6-7; Compl. ¶ 9. Hoerger then informed him Stanford "would not recognize any action brought by" Cecil without his union's representation. Compl. ¶ 9.

On June 21, 2005, Cecil filed suit against Stanford in the California Superior Court. Notice of Removal ¶ 1. Cecil alleged three causes of action: constructive termination, breach of contract, and breach of implied contract. Compl. at 4, 7, 10. On October 12, 2005, Stanford removed the action to this court. Notice of Removal at 1. Stanford now moves to dismiss Cecil's three causes of action as preempted by § 301 of the LMRA.

## II. ANALYSIS

Defendants contend that all three causes of action alleged by plaintiff are completely preempted by § 301 of the LMRA and therefore are within this court's jurisdiction. Section 301 of the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Suits claiming a breach of a CBA are governed by § 301, which displaces any state claim [FN2] based on a CBA, as well as any state claim the outcome of which depends on the interpretation of the terms of a CBA. *Young,* 830 F.2d at 997; *Miller v. AT & T Network Sys.,* 850 F.2d 543, 545 (9th Cir.1998); *Cook v. Lindsay Olive Growers,* 911 F.2d 233, 237 (9th Cir.1990). A state claim is also preempted by § 301 where it does not specifically refer to a CBA but is nonetheless "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 213 (1985).

> FN2. It is unclear under what legal theories Cecil seeks to proceed. His complaint refers to no statute or case. His opposition to this motion likewise refers to no statute or case other than 28 U.S.C. § 1441(b), which Cecil cites in passing when discussing Stanford's removal of this action from state court. Cecil does mention a "fundamental constitutional right" in his opposition, *see* Opp'n at 4, but does not identify it. A fair reading of Cecil's complaint, though, is that he is alleging state-law claims, and he indicated at the hearing on this motion that his complaint was indeed framed entirely in state-law terms.

Stanford moves to dismiss each of Cecil's causes of action as preempted by § 301, asserting that Cecil's claims boil down to "whether Stanford required Plaintiff to maintain to [sic] possess a valid driver's license as a condition of and to perform his work, and whether Stanford was within its discretion to

Case 3:08-cv-01922-WHA    Document 25    Filed 05/22/2008    Page 6 of 19

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.), 152 Lab.Cas. P 10,651
(Cite as: Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.))

deny his request for leave of absence, and allegedly constructively terminated him," all of which is within the ambit of the CBA. Mot. at 3. In his opposition to Stanford's motion to dismiss, Cecil does not discuss his claims individually. Rather, the gist of his argument seems to be that Stanford breached the CBA by not allowing Zavodnick to represent Cecil in his grievance. *See* Opp'n at 3.

*3 Cecil's second cause of action, for breach of contract, is clearly preempted by § 301. While Cecil's complaint does not refer to the CBA, his position of "HVAC Mechanic" is covered by the CBA. CBA, Ex. A-2 at 4. Whether the contract allegedly breached is the CBA or an individual contract, the result is the same: "Because any independent agreement of employment concerning that job position could be effective only as part of the collective bargaining agreement, the CBA controls and the contract claim is preempted."*Young,* 830 F.2d at 997 (quotation marks and brackets omitted).

Cecil's other two claims, for constructive termination and breach of implied contract, are preempted as well. Analysis of these claims is "substantially dependent" on the provisions in the CBA concerning pertaining to termination. *See* CBA, art. IX.B.1 (no termination "except for just cause"). Cecil himself argues that Stanford violated paragraph 40 (article I.C.9.b) of the CBA by excluding Zavodnick from the CBA's grievance process. Opp'n at 3. As the court cannot consider these other two claims independently of the CBA, they are preempted by § 301.

Where claims are completely preempted by § 301 of the LMRA, courts must decide whether to dismiss them or treat them as claims brought under § 301. *Allis-Chalmers,* 471 U.S. at 220-21. Stanford makes a conclusory argument that Cecil has failed to exhaust his extrajudicial remedies under the CBA, mandating dismissal of his action under (for example) *Ritza v. International Longshoremen's and Warehousemen's Union,* 837 F.2d 365 (9th Cir.1988). As noted in *Ritza,* failure to exhaust the grievance process under a CBA is akin to a jurisdictional defect and thus requires a court to make factual findings in the course of a motion to dismiss under Rule 12(b).*Ritza,* 837 F.2d at 368-69. While Stanford discusses the standard for dismissal in such circumstances, it has neither presented nor pointed to evidence that Cecil failed to exhaust his remedies under the CBA before filing suit. *See* Reply at 9-10. In fact, Cecil's evidence at present allows an inference that he pursued the grievance process as far as he could. *See* Zavodnick Decl. ¶ 7. The court thus lacks sufficient evidence to make a determination regarding exhaustion of remedies under the CBA. The court will therefore merely dismiss all of Cecil's claims as preempted, rather than treating them as § 301 claims at this time.

Federal Rule of Civil Procedure 15(a) generally requires leave of court to amend a complaint, though leave is to "be freely given when justice so requires,"Fed.R.Civ.P. 15(a), and it is generally not appropriate to deny leave "unless it is clear ... that the complaint could not be saved by amendment."*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003). Stanford's entire argument for dismissing Cecil's complaint with prejudice is "Defendants request that the Motion to Dismiss be granted with prejudice to refiling. *Cater v. Norfolk Comm. Hospital Ass'n.* 761 F.2d 970, 974 (4th. Cir., 1985)." Reply at 10. As it is not clear that Cecil's complaint cannot be saved by amendment, the court grants him thirty days' leave to file an amended complaint and attempt to state a viable claim that is not preempted by § 301.

### III. ORDER

*4 For the foregoing reasons, the court:

1. dismisses the complaint as completely preempted by § 301 of the LMRA;

2. grants plaintiff thirty days' leave to file an amended complaint.

N.D.Cal.,2006.
Cecil v. Leland Stanford Junior University

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.), 152 Lab.Cas. P 10,651
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.))**

Not Reported in F.Supp.2d, 2006 WL 708939 (N.D.Cal.), 152 Lab.Cas. P 10,651

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Tab 2

Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

C
Heath v. AT & T Corp.
N.D.Cal.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Deborah HEATH, Plaintiff,
v.
AT & T CORP, Defendant.
**No. C-05-0719 VRW.**

Sept. 12, 2005.

Deborah Heath, Patterson, CA, pro se.
Sejal A. Mistry, Bryan E. Daley, James Severson, Bingham McCutchen LLP, San Francisco, CA, for Defendant.

ORDER

WALKER, Chief J.
*1 Plaintiff Deborah Heath (Heath) sues defendant AT & T Corporation (AT & T) for claims stemming from the termination of her employment with AT & T. Administrative Record (AR), Ex A (Compl). AT & T moves to dismiss Heath's complaint pursuant to FRCP 12(b)(6). Mot Dismiss (Doc # 7). Heath opposes and seeks leave to amend her complaint to name her former AT & T supervisor, Tracy Rohm (Rohm), as a defendant. Pl Opp (Doc # 24); Pl Decl in Support of Opp (Doc # 25). Based on the parties' memoranda and the applicable law, the court GRANTS IN PART AT & T's motion to dismiss and DENIES Heath's request for leave to amend.

I

The following facts are taken from Heath's complaint and are presumed true for purposes of this motion. See *Wyler Summit Partnership v. Turner Broadcasting Systems, Inc.*, 135 F.3d 658, 661 (9th Cir.1998) ("On a [Rule 12(b)(6) ] motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."(citation omitted)).

In 1984, Heath entered into a "partly oral, partly written, implied-in-fact and implied-in-law contract" with AT & T. Compl at 9, ¶ 39. The employment contract provided that (1) Heath's employment would be secure as long as her performance was "satisfactory"; (2) Heath "would not be terminated without good cause"; (3) Heath's employment would be "free from disability based discrimination and/or disability harassment" and (4) Heath "would earn agreed upon wages and fringe benefits."Id.

In November 1994, due to injuries sustained during her employment, AT & T placed Heath on paid disability leave. Id at 3, ¶ 11.Heath remained on paid disability leave until March 2002. Id at 5, ¶ 23.On March 4, 2002, AT & T representatives sent Heath's treating physician, Dr Roger Drainer, a questionnaire inquiring whether Heath could perform the work-related activities laid out in a "New Highly Modified Job Duties description as a Senior Operations Clerk."Id. Drainer indicated that Heath could perform the the new job. Id.

AT & T representatives subsequently contacted Heath and informed her that there was a "position at AT & T within [her] restrictions," and that she needed to "report to work on Monday, April 1st, [2002]."Id at 6, ¶¶ 24, 25.

On April 1, 2002, Heath reported to work and met with her "second level" supervisor, Rohm. Id at 6, ¶ 26.Heath informed Rohm that she was "ready to work" and "requested a copy of [the] New Highly Modified Job Duties [she] would be performing."Id at 7, ¶ 27.But Rohm "refused to comply with the [Heath's] request" and informed Heath that she and Rohm were going to have a "short meeting" with Cathy Crawford, Heath's "first level supervisor." Id at 7, ¶ 28.

Rohm made small talk with Heath, asking her "general questions both job related and non-job re-

Case 3:08-cv-01922-WHA   Document 25   Filed 05/22/2008   Page 10 of 19

Not Reported in F.Supp.2d                                                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

lated" and then informed plaintiff that "she was terminating [her] for fraud."Id. Specifically, Rohm informed Heath that "she had concrete proof that [Heath] could do all the things [she] said [she] couldn't do and that if [Heath] pursued filing a Union Grievance or Hire[d] an attorney [Rohm] would prosecute [Heath] and send [her] to jail."Id at 7, ¶ 29.Heath reiterated to Rohm that she "was ready to work" and "was not refusing to perform any work," and she again requested a copy of the "New Highly Modified Job Duties." Id at 7, ¶ 30.In response, Rohm stated that "[n]one of that matters," and reiterated that she was "terminating [Heath] for fraud." Id.

*2 The following facts are taken from documents attached to AT & T's motion to dismiss. See *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998) ( "[T]he defendant may attach [documents crucial to the plaintiff's claims] to his Rule 12(b)(6) motion, even if the plaintiff's complaint does not explicitly refer to [them].").

On May 23, 2002, Heath filed a grievance with her union, CWA Local 9415, for unjust termination in violation of contract provisions "9, 12, 13[and] any and all others that may apply."AR, Ex B. Heath sought "[r]einstate[ment] with full back pay, benefits, remov[al][of] any warning or documentation from [her] file and [to] make whole again in every way."Id.

On November 13, 2002, Heath filed a complaint against AT & T with the California Department of Fair Employment and Housing (DFEH) alleging employment discrimination based on disability. AR, Ex 1. Heath subsequently received a United States Equal Employment Opportunity Commission (EEOC) "Notice of Charge Filed," stating that the Department of Fair Employment and Housing (DFEH) had filed Heath's complaint with the EEOC and that the DFEH would process Heath's complaint of employment discrimination. AR, Ex 2.

In a letter dated April 15, 2003, the DFEH informed Heath that she could request a right-to-sue notice, and that if she decided to do so, she was required, inter alia, to "file [her] lawsuit within one year from receipt of the right-to-sue notice."Doc # 25, Ex C. On November 16, 2003, Heath received a right-to-sue notice from the DFEH pursuant to Cal Gov Code § 12965. AR, Ex 3; Doc # 24 at 2, ¶ 1. The right-to-sue notice stated that Heath may bring a civil action "under the provisions of [FEHA] against the person, employer, labor organization or employment agency named in the above-referenced complaint within one year from the date of this notice."AR, Ex 3. Heath's right-to-sue notice was dated November 10, 2003. Id.

The DFEH subsequently sent Heath a "Notice of Case Closure," dated November 12, 2003, which stated that the DFEH closed Heath's case based on "No Probable Cause To Prove A Violation Of The Statute."AR, Ex 4. The notice also stated that "[a] Right-To-Sue Notice (DFEH-200-42) was issued on November 10, 2003," and that if Heath decided to bring a civil action under FEHA [the California Fair Employment and Housing Act], the action must be filed "within one year from the date of the Right-To-Sue Notice."Id.

According to Heath, on November 10, 2004, Heath's husband called the Alameda County superior court and "was advised by the clerks [sic] office, that a proof of a United States Postal Service, Certified, Return Requested Mailing Date, was an acceptable form of evidence, to identify a Plaintiff's Complaint filing Date in their venue."Doc # 24 at 3:15-18. On that same date, plaintiff mailed her complaint to the Alameda County superior court. Id at 3:20-24; Doc # 25, Ex F. On November 15, 2004, Heath's complaint was received and filed by the Alameda County superior court. Doc # 24 at 2:15-18; Doc # 25, Ex H.

*3 Heath's complaint alleges five causes of action against AT & T: (1) "Employment Disability Discrimination"; (2) "Retaliation"; (3) "Breach of Implied-in-Fact Contract of Employment Wrongful Termination"; (4) Wrongful Termination in Violation of Public Policy"; and (5) "Breach of the Im-

Case 3:08-cv-01922-WHA   Document 25   Filed 05/22/2008   Page 11 of 19

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

plied Covenant of Good Faith and Fair Dealing."Compl at 1. Heath contends, inter alia, that she was denied promotions and bonus opportunities, and was terminated because of her disability. Compl at 8.

In addition, while Heath does not plead harassment as a separate cause of action, she includes allegations of harassment in her complaint (Compl at 7, ¶ 31, 33) and AT & T addresses this claim in its motion to dismiss. Mot Dismiss at 8 ("Plaintiff also includes allegations of harassment, although they are not pled as a separate cause of action."). Accordingly, the court will liberally construe Heath's complaint to allege workplace harassment. See *United States v. Ten Thousand Dollars ($ 10,000) in United States Currency,* 860 F.2d 1511, 1513 (9th Cir.1988) ("We have consistently held in this circuit that courts should liberally construe the pleadings and efforts of pro se litigants * * *.") (quoting *Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984)).

On February 17, 2005, AT & T removed this case on the basis of diversity jurisdiction and the case was assigned to Magistrate Judge Bernard Zimmerman. Doc # 1. On February 22, 2005, AT & T declined to proceed before Magistrate Judge Zimmerman (Doc # 4) and the case was reassigned to the undersigned. Doc # 5. AT & T moves to dismiss Heath's complaint pursuant to FRCP 12(b)(6). Doc # 7 at 2. Specifically, AT & T contends that Heath's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are preempted under § 301 of the Labor Management Relations Act (LMRA), 29 USC § 185(a).Id at 4-6.Further, AT & T contends that Heath's claims for wrongful termination in violation of public policy, employment discrimination, harrassment and retaliation are barred by the applicable California statutes of limitations. Id at 6-9.Heath filed scattershot and sometimes unintelligible opposition which the court has construed as liberally as possible.

II

A

FRCP 12(b)(6) motions to dismiss essentially "test whether a cognizable claim has been pleaded in the complaint."*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Although a plaintiff is not held to a "heightened pleading standard," the plaintiff must provide more than mere "conclusory allegations." *Swierkiewicz v. Sorema NA,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (rejecting heightened pleading standards); *Schmier v. United States Court of Appeals for the Ninth Circuit,* 279 F.3d 817, 820 (9th Cir.2002) (rejecting conclusory allegations).

Under Rule 12(b)(6), a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief."*Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); see also *Conley v. Gibson,* 355 U.S. 41 at 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. See *In re Silicon Graphics Inc. Sec Lit.,* 183 F.3d 970, 980 n. 10 (9th Cir.1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (citing *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.1994)).

B

*4 Federal courts sitting in diversity are required to apply state statutory and common law. *Erie Railroad Co v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It is clear that California law

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA    Document 25    Filed 05/22/2008    Page 12 of 19

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))

applies to the present case and the parties do not argue otherwise. See *Fonteno v. Equitable Real Estate Investment Management, Inc.*, 1995 WL 125493, *3 (N.D.Cal.1995) (Patel, J) ("California substantive law governs claims brought pursuant to the FEHA."). Under the *Erie* doctrine, "this court is bound by the pronouncements of the California Supreme Court * * * and if the California Supreme Court has not spoken directly to the issue, then [this court must] look to California Courts of Appeal decisions as data for determining how the highest California Court would rule."*Scandinavian Airlines System v. United Aircraft Corp.*, 601 F.2d 425, 427 (9th Cir.1979).

If a claim is barred by the applicable state statute of limitations, dismissal pursuant to FRCP 12(b)(6) is appropriate. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir.2000)."A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995) (citation and internal quotation marks omitted)."In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."Id at 1207.

III

*Contract Claims*

Section 301 of the LMRA provides exclusive federal jurisdiction over "suits for violation of contracts between an employer and a labor organization."29 USC § 185(a); see *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987) ("[A] suit for breach of collective bargaining agreement is governed exclusively by federal law under section 301.") (citing *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Accordingly, § 301 of the LMRA preempts state law claims premised on rights created by a collective bargaining agreement (CBA) as well as claims that are substantially dependent on the interpretation of a CBA. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir.2000).

In other words, preemption is required if the state law claim can be resolved only by referring to the terms of a CBA. *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir.1988); *Walton v. UTV of San Francisco, Inc.*, 776 F.Supp. 1399, 1402 (N.D.Cal.1991) (Walker, J) ("[I]nterpretation of a CBA must be required in a state cause of action for that action to be preempted by § 301.")."Even suits based on torts, rather than on breach of [a CBA], are governed by federal law if their evaluation 'is inextricably intertwined with consideration of the terms of [a] labor contract.' " *Miller v. AT & T Network Systems*, 850 F.2d 543, 545 (9th Cir.1988) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)).

*5 Heath's complaint does not make reference to a CBA between her union and AT & T. Her complaint simply alleges breach of a "partly oral, partly written, implied-in-fact and implied-in-law" contract. Compl at 9, ¶ 39. This fact is of no moment, however, as "it is not dispositive that a complaint is framed without reference to a CBA."*Kirton v. Summit Medical Center*, 982 F.Supp. 1381, 1385 (N.D.Cal.1997) (James, MJ) (citing *Allis-Chalmers*, 471 U.S. at 210-11). Indeed, this court has made clear that "[b]y careful pleading, a plaintiff cannot avoid federal preemption."*Busey v. P W Supermarkets, Inc.*, 368 F Supp 2d 1045, 1054 (N.D.Cal.2005) (Ware, J). See *Fong v. University of San Francisco*, 1993 WL 106893, *1 (N.D.Cal.1993) (Lynch, J) ("[A] plaintiff may not avoid removal by artful pleading when her claims are actually preempted by § 301.") (citations omitted)).

Heath appears to be one of the artful pleaders men-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 5
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

tioned above. Heath's union, the Communications Workers of America, has a CBA with AT & T; indeed, Heath has already filed a grievance complaint with her union for "unjust termination," thus taking advantage of the CBA's grievance procedures. See AR, Ex A, B. Heath's grievance refers nebulously to provisions "9, 12, 13 any and all others that may apply," and seeks the remedy of "[r]einstate[ment] with full back pay, benefits, remov[al][of] any warning or documentation from [her] file and [to] make [her] whole again in every way."AR, Ex B. Provision nine of the CBA is the CBA's grievance procedure. Ex A. Thus, it is evident that the CBA forms the basis for Heath's grievance with the union.

Heath does not (1) dispute the existence of the CBA between her union and AT & T or (2) contend that the "contract" referenced in her complaint is independent of the CBA. In fact, Heath's opposition does not *mention* the CBA, despite AT & T's hefty reliance on it in arguing for preemption. Heath's opposition contains one statement regarding § 301 preemption: "Plaintiff (is not) barred or preempted under section 301 of the Labor Relations Act, by filing a claim of disability discrimination and retaliation against [AT & T], solely because plaintiff was a union member."Doc # 24 at 1, ¶ 2. This statement, however, is fruitless; AT & T does not claim that Heath's discrimination and retaliation claims are preempted under § 301.

For all intents and purposes, Heath's contract claims are a § 301 claim for breach of the CBA between her union and AT & T and are therefore subject to preemption and recharacterization. See *Busey*, 368 F Supp 2d at 1054 ("Where a relationship is otherwise governed by a collective bargaining agreement, state law theories of breach of contract and implied covenant of good faith and fair dealing are preempted, and subject to recharacterization as [§ ] 301 claim for breach of contract.") (citing *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980)); see also *Price v. Georgia-Pacific Corp.,* 99 F Supp 2d 1162, 1166 (N.D.Cal.2000) (Breyer, J) ("[A]n employee in a position with access to a CBA-sanctioned grievance procedure cannot state an individual claim for breach of contract under state law. Such claim is necessarily preempted by section 301.").

*6 Having recharacterized Heath's claims, the court addresses the validity of the § 301 claim. The Ninth Circuit has held that a plaintiff "must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement" under § 301. *Carr v. Pacific Maritime Association,* 904 F.2d 1313, 1317 (9th Cir.1990) (citing *Clayton v. United Auto. Workers,* 451 U.S. 679, 686, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981)). It is clear that Heath has not exhausted the CBA's grievance procedures; indeed, she is still waiting for the arbitrator's ruling on her grievance. Mot Dismiss at 3:8-12. Accordingly, "[b]ecause plaintiff alleges neither exhaustion of [her] grievance and arbitration remedy, nor breach by her union of its representation duty, to the extent that plaintiff's wrongful termination and breach of the covenant of good faith and fair dealing causes of action are recharacterized as section 301 claims, they must be dismissed."*Busey,* 368 F Supp 2d at 1054-55.

The court GRANTS AT & T's motion to dismiss Heath's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

IV

*Wrongful Termination in Violation of Public Policy*

A

"A claim that a discharge violates public policy 'is preempted * * * if it is not based on any genuine state public policy, or if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." ' *Jackson v. Southern Cali-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA    Document 25    Filed 05/22/2008    Page 14 of 19

Not Reported in F.Supp.2d                                                                                           Page 6
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

*fornia Gas Co.*, 881 F.2d 638, 643-44 (9th Cir.1989) (quoting *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987)). But a claim of wrongful discharge in violation of public policy is not preempted if it "poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Young*, 830 F.2d at 1001.

California has clearly adopted a public policy against workplace disability discrimination. Cal Gov Code § 12920. Because Heath's claim for wrongful termination in violation of public policy is based on a genuine state public policy of preventing disability discrimination and poses no significant threat to the collective bargaining process, it is not preempted.

B

Heath's claim for wrongful termination in violation of public policy is subject to a two-year statute of limitations. Cal Civ Pro § 335.1; see *Anderson v. American Airlines, Inc*, 2005 WL 1712040, *4 (N.D.Cal.2005) (Wilken, J) ("A common law claim for wrongful discharge in violation of public policy is governed by a two-year statute of limitations.") (citing *Mathieu v. Norrell Corp.*, 115 Cal.App.4th 1174, 1189 n. 14, 10 Cal.Rptr.3d 52 (2004)). Heath's cause of action for wrongful termination in violation of public policy accrued on April 1, 2002, the date of Heath's termination. Hence, under the applicable two-year statute of limitations, Heath had until April 1, 2004, to file her claim. But Heath did not file her complaint until November 15, 2004. Thus, Heath's claim for wrongful termination in violation of public policy is time barred under Cal Civ Pro § 335.1.

*7 Heath conclusorily states that the doctrine of equitable tolling saves her claim for wrongful termination in violation of public policy. The court disagrees. The California Supreme Court has held "that a common law cause of action for discharge in violation of public policy is, in effect, an independent alternative to a FEHA administrative claim and subsequent cause of action under the act." *Mathieu*, 115 Cal.App.4th at 1189, 10 Cal.Rptr.3d 52 (2004) (citing *Rojo v. Kliger*, 52 Cal.3d 65, 86, 276 Cal.Rptr. 130, 801 P.2d 373 (1990) ("[A]lthough an employee must exhaust the administrative remedy made available by the FEHA before bringing a cause of action under the FEHA, exhaustion is not required before filing a civil action for damages alleging nonstatutory tort of wrongful discharge in violation of public policy * * *."). Cf *Kang v. U Lim American, Inc.*, 296 F.3d 810, 819 (9th Cir.2002). In other words, California law does not "permit[ ] a plaintiff to delay filing a common law tort action because an alternative administrative process has not yet been completed." *Mathieu*, 115 Cal.App.4th at 1190, 10 Cal.Rptr.3d 52.

Accordingly, the court GRANTS AT & T's motion to dismiss Heath's claim for wrongful termination in violation of public policy.

V

*FEHA Claims*

A

The Ninth Circuit has consistently held that state discrimination claims brought under FEHA are not preempted by the LMRA. See, e g, *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1522-28 (9th Cir.1995) (concluding that the LMRA did not preempt a state law claim for disability discrimination in employment brought under FEHA). In fact, "[i]n every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [the Ninth Circuit] ha[s] held that it is not preempted by section 301." *Ramirez v. Fox Television Station*, 998 F.2d 743, 748 (9th Cir.1993).

B

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))

Page 7

Heath's retaliation, harassment and disability discrimination claims are subject to FEHA's one-year statute of limitations. Cal Gov Code § 12965(b) ( "This [right-to-sue] notice shall indicate that the person claiming to be aggrieved may bring a civil action under this [statute] * * * within one year from the date of that notice."). Plaintiff's complaint was filed on November 15, 2004. Accordingly, the court counts back from November 15, 2004, to determine which FEHA claims, if any, are barred by the relevant statute of limitations.

Heath *received* her right-to-sue notice via the United States Postal Service on November 16, 2003. But the right-to-sue notice is *dated* November 10, 2003. There is a dispute whether the one-year statute of limitations began to run on November 10, 2003, or November 16, 2003. AT & T's argument is straightforward: The plain language of Cal Gov Code § 12965(b) requires a claimant to bring suit within one year *"from the date* of [her right-to-sue] notice," i e, by November 10, 2003. (emphasis added). Mot Dismiss at 8-9. Heath's argument relies on the April 15, 2003, DFEH letter which stated that Heath may "file [her] lawsuit within one year from *receipt* of the right-to-sue notice," i e, by November 16, 2003. Doc # 24 at 2. If the statute of limitations began to run on the former date, Heath's FEHA claims are time-barred; if it was the later date, however, Heath's FEHA claims are timely.

*8 Although AT & T's argument is statutorily sound, a number of cases in this court appear to assume that a claimant must file his or her FEHA claims "within one year from their *receipt* of the right-to-sue notice."*Wilton v. San Francisco,* 1992 U.S. Dist LEXIS 19439, *4 (ND Cal 1992) (Caulfield, J) (emphasis added). See also *Deppe v. United Airlines,* 2002 WL 1897296, *3 (ND Cal 2000) (Breyer, J) ("Plaintiff *received* his right-to-sue letter from the DFEH on December 2, 1993. Plaintiff had one year from that date to file his FEHA claim.") (emphasis added); *Paine v. Dept. of Mental Health Services of the State of California,* 1995 WL 56588, *6 (N.D.Cal.1995) (Conti, J) ("[Cal Gov Code] § 12965(b) sets forth a one-year statute of limitations for filing a civil action after *receipt* of a right-to-sue notice from the [DFEH].") (emphasis added). Moreover, a California appellate court has held that *"obtaining* a right-to-sue notice is the final necessary step in exhausting one's administrative remedies under the FEHA."*Grant v. Comp USA, Inc.,* 109 Cal.App.4th 637, 646, 135 Cal.Rptr.2d 177 (2003) (emphasis added).

The court cannot find a decision that has squarely addressed the question of whether a claimant's FEHA cause of action accrues on the date of the right-to-sue notice or the date the claimant receives the notice. As tempted as the court is to plow new ground in the field of FEHA statute of limitations jurisprudence, the court need not reach this issue, for assuming Heath's cause of action accrued on November 10, 2005, the statute of limitations was equitably tolled.

"A statute of limitations non-compliance may be excused by equitable doctrines such as waiver or tolling."*Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986). Regarding discrimination actions brought under Title VII, the Supreme Court held that "[t]he doctrine of equitable tolling may be invoked "where the court has led the plaintiff to believe that she had done everything required of her." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (citing *Carlile v. South Routt School District RE 3-J,* 652 F.2d 981, 986 (10th Cir.1981) ("Equitable tolling is appropriate when a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts.")). No California court appears to have spoken to whether a plaintiff may invoke equitable tolling when she alleges a court clerk misled her as to the requirements for filing her complaint within the statute of limitations. California courts have, however, stated that while "Title VII [of the Civil Rights Act of 1964 (42 USC § 2000e) ] differs in some respects from FEHA, [ ] " * * * the antidiscriminatory objectives

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA    Document 25    Filed 05/22/2008    Page 16 of 19

Not Reported in F.Supp.2d                                                                                      Page 8
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

and overriding public policy purposes of the two acts are identical.' [And][a]lthough * * * not controlling, federal cases interpreting title VII are instructive when analyzing a FEHA claim." *Spaziano v. Lucky Stores, Inc.,* 69 Cal.App.4th 106, 112, 81 Cal.Rptr.2d 378 (1999) (quoting *Beyda v. City of Los Angeles,* 65 Cal.App.4th 511, 517, 76 Cal.Rptr.2d 547 (1998)).

**\*9** Heath alleges the court clerk informed her "that a proof of a United States Postal Service, Certified, Return Requested Mailing Date, was an acceptable form of evidence, to identify a Plaintiff's Complaint filing Date in their venue."Doc # 24 at 3:15-18. On that same date, Heath mailed her complaint to the Alameda County superior court. Id at 3, 76 Cal.Rptr.2d 547, Ex F, G. Heath's actions were undertaken in reliance on representations made by the court clerk. Such reliance by a pro se plaintiff is reasonable under the circumstances.

Moreover, AT & T has alleged no prejudice resulting from the five-day delay due to Heath's reliance on the clerk's representation. Under California law, "[a] plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period *as long as he causes no prejudice to the defendants by doing so."Guerrero v. Gates,* 357 F.3d 911, 919 (9th Cir.2004) (emphasis added) (citing *Lantzy v. Centex Homes,* 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 73 P.3d 517 (2003) (applying "equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."). Moreover, California courts instruct that "[i]n order to carry out the purpose of the FEHA to safeguard the employee's right to hold employment without experiencing discrimination, the limitations period set out in the FEHA should be interpreted so as to promote the resolution of potentially meritorious claims on the merits."*Romano v. Rockwell International, Inc.,* 14 Cal.4th 479, 493-94, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996).

Because the one-year statute of limitations was tolled, Heath's claims for retaliation, harassment, and disability discrimination under FEHA are not barred time-barred.

C

The fact that Heath's FEHA claims are not time-barred does not end the inquiry; the court must still determine whether Heath succeeds in substantially stating a claim upon which relief can be granted.

*Retaliation*

Cal Gov Code § 12940(h) provides that "[f]or any employer * * * or person to discharge, expel, or otherwise discriminate against any person because the person has *opposed any practices* forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]." (emphasis added). Hence, "[t]o establish a prima facie case of retaliation, [Heath] must show she engaged in a protected activity, she was thereafter subjected to adverse employment action by her employer and there was a causal link between the two."*Mathieu,* 115 Cal.App.4th at 1185, 10 Cal.Rptr.3d 52.

Heath does not allege that she was discharged for opposing any practices by AT & T that are forbidden by FEHA or for participating in a FEHA proceeding. Heath simply alleges that she was fired because she was disabled. This allegation supports a claim for disability discrimination under FEHA, not a claim for retaliation. Accordingly, the court GRANTS AT & T's motion to dismiss Heath's claim for retaliation.

*Harassment*

**\*10** Nor does Heath's complaint state a claim for harassment pursuant to Cal Gov Code § 12940. Cal Gov Code § 12940(h)(1) provides that it is an unlawful employment practice "[f]or an employer * * * or any other person, because of * * * physical disability * * * to harass an employee or applic-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA  Document 25  Filed 05/22/2008  Page 17 of 19

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

Page 9

ant.""Harassment includes, but is not limited to, verbal epithets or derogatory comments, physical interference with freedom of movement, derogatory posters or cartoons, and unwanted sexual advances."*Janken v. FM Hughes Electronics,* 46 Cal.App.4th 55, 63, 53 Cal.Rptr.2d 741 (1996). Further, "harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."Id. Moreover, "[h]arassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job."Id.

Heath does not allege that she was subjected to any of the aformentioned conduct. Rather, Heath alleges that she was denied promotions and bonuses, and was terminated because of her disability. Such actions are within the realm of properly delegated personnel management authority. Hence, this alleged conduct, which the court assumes to be true and motivated by Heath's disability, states a claim for disability discrimination, not harassment.

Accordingly, the court GRANTS AT & T's motion to dismiss Heath's claim for harassment.

*Disability Discrimination*

There are two elements to a prima facie disability discrimination claim under FEHA: "(1) the complainant must satisfy one of the statutory definitions of 'handicapped' individual and (2) the employer must have 'discriminated on that basis." ' *Jimeno,* 66 F.3d at 1520 (quoting *Cassita v. Community Foods, Inc.,* 5 Cal.4th 1050, 22 Cal.Rptr.2d 287, 856 P.2d 1143 (1993)). Heath alleges that she is a "handicapped" individual and that she was terminated because of her disability. Hence, Heath states a claim for disability discrimination and AT & T's motion to dismiss Heath's claim for disability discrimination is DENIED.

As to the claims which have been dismissed, the court must determine whether such dismissal should be with or without prejudice. While Heath has sought leave to amend to add Rohm, she has not sought leave to amend her claims against AT & T should the court dismiss any or all of these claims. The Ninth Circuit, however, instructs that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."*Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000). The court cannot conclude at this preliminary stage that Heath's pleading could not possibly be cured by the allegation of other facts. Accordingly, the court dismisses all of Heath's claims against AT & T, save her disability discrimination claim, without prejudice.

VI

*Motion to Amend*

*11 Finally, the court addresses Heath's request for leave to amend to add Rohm as a defendant. "[A] party may amend the party's pleading * * * by leave of court * * * and leave shall be freely given when justice so requires."FRCP 15(a). The Ninth Circuit directs district courts to apply the policy of Rule 15(a) with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)). This liberality, however, is "subject to the qualification that amendment of the complaint [1] does not cause the opposing party undue prejudice, [2] is not sought in bad faith and [3] does not constitute an exercise in futility."*DCD Programs,* 833 F.2d at 186 (internal citations omitted).

"A proposed amendment to a complaint is 'futile only if no set of facts can be proved under the amendment * * * that would constitute a valid and sufficient claim." ' *Fischer v. City of Portland,* 2003 U.S. Dist LEXIS 25613, *6 (D Ore 2003)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01922-WHA   Document 25   Filed 05/22/2008   Page 18 of 19

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

Page 10

(quoting *Sweaney v. Ada County, Idaho,* 119 F.3d 1385, 1393 (9th Cir.1997)). "A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under [FRCP] 12(b)(6)." Id.

It would be futile to allow Heath to amend to add a cause of action against Rohm for either (1) wrongful termination in violation of public policy or (2) disability discrimination. See *Frederickson v. United Parcel Service,* 1999 WL 129534, *5 (N.D.Cal.1999) (Walker, J) ("[A]n employee may not sue her supervisor individually for wrongful discharge in violation of public policy.") (citing *Reno v. Baird,* 18 Cal.4th 640, 663-64, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (1998)); see also *Calero v. UniSys Corp.,* 271 F Supp 2d 1172, 1178 (N.D.Cal.2003) (Patel, J) ("It is now well settled that supervisors may not be held personally liable for discriminatory personnel decisions under [FEHA].") (citing Cal Gov't Code § 12940(a)).

It would not be futile, however, to allow Heath to amend to add claims against Rohm for harassment and retaliation under FEHA. *Calero,* 271 F.Supp. at 1178. But because Heath's request for leave to amend fails to meet the one-year statute of limitations for FEHA causes of action, she "must satisfy the requirements of FRCP 15(c)(3)."*Martell v. Trilogy Ltd.,* 872 F.2d 322, 324 (9th Cir.1989); see *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1399 (9th Cir.1984) ("[FRCP] 15(c) is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run * * *."). Rule 15(c)(3) requires that: (1) the claim arise out of the "same conduct, transaction or occurrence"; (2) the new defendant, so as not to be prejudiced in defending on the merits, receive "sufficient notice" of the original action within the time provided for by Rule 4(m); and (3) the new defendant must have or should have known the action would have included him or her "but for a mistake concerning [his or her] identity."See *G F Co. v. Pan Ocean Shipping Co.,* 23 F.3d 1498, 1501 (9th Cir.1994). This third condition permits amendment to cure a formal defect such as a misnomer or misidentification. As such, the condition presents an insurmountable hurdle for Heath.

*12 In the present case, Rohm was not misnamed and she cannot be named after the limitation period has expired. See, e g, *Pan Ocean,* 23 F.3d at 1503-04 (1994); *Gilmore v. State of California,* 1995 WL 492625, *3 (N.D.Cal.1995). While Rohm is mentioned throughout Heath's complaint, Heath made *no* attempt to identify Rohm as a defendant or otherwise signal her intent to seek redress from Rohm. See *Brink v. First Credit Resources,* 57 F Supp 2d 848, 859 (D.Ariz.1999) ("[P]laintiff's failure to add the defendant(s) before the expiration of the statute of limitations cannot be characterized as a 'mistake concerning * * * identity' because the plaintiff was aware of the new party's identity before the statute of limitations had run."). Clearly, Heath could have named Rohm as a defendant but simply failed to do so and Heath's request for leave to amend makes no attempt to explain this failure. See *Kilkenny v. Arco Marine Inc.,* 800 F.2d 853, 857-58 (9th Cir.1986) ("Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party.").

Heath's request for leave to amend her complaint to name Rohm as a defendant is DENIED.

## VII

In sum, the court GRANTS IN PART AT & T's motion to dismiss plaintiff Heath's complaint. Specifically, Heath's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful termination in violation of public policy, harassment and retaliation are dismissed without prejudice. AT & T's motion to dismiss Heath's claim for disability discrimination is DENIED. Heath's request for leave to amend her complaint to name her former AT & T supervisor,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d			Page 11
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.))**

Tracy Rohm, as a defendant is DENIED.

The parties are ORDERED to attend a further case management conference on October 4, 2005, at 9:00 am, or on another such date that the parties may arrange with each other and the court's deputy, Ms Cora Delfin, 415-522-2039.

SO ORDERED.

N.D.Cal.,2005.
Heath v. AT & T Corp.
Not Reported in F.Supp.2d, 2005 WL 2206498 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.